McGregor vs. Allen.

Rehearing refused.

---

No. 8249.

## WM. H. McGREGOR vs. ROBERT W. ALLEN.

Absence of a public officer from the place where he holds his office, caused by sickness and medical treatment, does not amount to the change of residence, for which, under Article 195 of the Constitution, the office is vacated.

Act No. 39 of 1873, is not unconstitutional on the score of its title.

A PPEAL from the Nineteenth Judicial District Court, parish of St. Mary. *Goode*, J.

---

*D. Caffery, W. K. Wilson* and *L. A. Connella* for Plaintiff and Appellee:

First—The Governor of the State of Louisiana cannot remove a constitutional officer, nor use the appointing power vested in him by the Constitution to fill an elective constitutional office, before a vacancy in such an office is judicially declared according to law, or before the incumbent has been removed by address, or has resigned or died. 24 An. 19 and 595; 25 An. 119; 32 An. 934; 21 An. 490; L. D. p. 499, No. 18.

Second—A visit to the City of New Orleans by a citizen of one of the country parishes to obtain medical treatment in the Charity Hospital, does not constitute such a change of residence as is contemplated in Art. 195 Const. 1879.

Third—The insanity of an occupant of an office does not *ipso facto* vacate that office under Arts. 187 and 148 Const. 1879.

Fourth—Act No. 39, of the Acts of 1873, approved March 5th, 1873, is not unconstitutional.

Fifth—That Act applies to relator's case. 25 An. 238; 22 An. 245; 26 An. 374; 29 An. 794.

Sixth—The reception of money from a *de facto* officer collected in his official capacity does not constitute such an act as will estop the person receiving the money from setting up to the office a superior title to that under which the occupant holds. Greenleaf, third ed. vol. 1, sec. 22; McIntosh vs. Smith, 2 An. 757; 12 R. 471; 1 An. 197; 2 An. 957, 4 N. S. 125; 5 N. S. 360; 5 An. 142.

Seventh—Respondent having set up title to an office by virtue of a commission, his right to hold said office must stand or fall with the legality of the commission, and he should not be allowed to prove other facts than those recited in the commission. 25 An. 267; 13 An. 90.

Eighth—Defendant's commission issued in error, and cannot deprive plaintiff of his office. Lonque's Digest, p. 333, No. 14; 24 An. 20.

Ninth—The office of Justice of the Peace is a judicial office, and the right thereto may be contested under Act No. 39, Acts of 1873, Const. 1879, Art. 80; Act No. 39 of 1873, section second.

*A. C. Allen* and *Foster Bros.* for Defendant and Appellant.

The opinion of the Court was delivered by

Todd, J. At the first election held under the present Constitution, on the 2d of December, 1879, the plaintiff was elected one of the justices of the peace for the third ward of the parish of St. Mary, and was commissioned and qualified as such on the 4th January following.

On the 12th of May, 1880, the defendant received a commission from the Governor to the same office, the commission stating that he was appointed " vice Wm. McGregor, who has left the parish." The defendant qualified under this commission and proceeded in the discharge of the duties of the office.

On the 10th February, 1881, the plaintiff instituted this proceeding under Act No. 39 of 1873, to recover the office, and evict the defendant therefrom.

The defendant appeals from a judgment against him.

The right of the defendant to the office in question depends entirely upon the fact, whether at the time of his appointment there was or not a vacancy in the office. If there was no vacancy, there could be no valid appointment, considering the election of plaintiff to the office, his prior commission and qualification thereunder.

The Constitution of 1879, Art. 195, provides : " * * Whenever any officer, State, judicial, parochial, municipal or ward, may change his residence from this State or from the district, parish, municipality or ward in which he holds such office, the same shall thereby be vacated, any declaration of retention of domicile to the contrary notwithstanding."

We are satisfied that representations were made at the time to the

Governor that fully justified his belief that a vacancy existed in the office in question, and induced the appointment of the defendant to fill the same; but the real facts of the case were shown on the trial of this suit, and are found in the record, which force us to conclude that, in point of fact, a vacancy did not exist; and that, therefore, the second commission issued in error.

The real facts, as we gather from the evidence, are substantially these: that the plaintiff, after qualifying as justice of the peace, and entering on the discharge of the functions of the office, was taken sick— a sickness affecting him physically and mentally. About the 10th of March, 1880, acting under the advice of friends, he left the parish temporarily for the purpose of receiving proper medical attention at the Charity Hospital, in the city of New Orleans. He remained in that institution till the following September, when he left and went to Algiers, where he stayed three weeks, and then returned to the parish of St. Mary; that before commencing this proceeding, his health was restored, and he was in the complete possession of his mental and physical faculties. We are satisfied that McGregor's absence from the parish of St. Mary under these circumstances, does not constitute the "change of residence" from the parish and ward where his official duties were to be performed, contemplated by the article of the constitution referred to as effecting a vacating of an office.

Having been elected to the office, having been duly commissioned and qualified according to the requirements of the law, the plaintiff was entitled to hold and enjoy the same, unless he had in some way forfeited his right thereto. This we do not find to be the case for the reasons stated. The commission to the defendant having issued in error, cannot deprive him of that right; and, in fact, was without legal effect as relates to such right. 21 An. 490; 24 An. 19.

The question discussed as to the right of the Governor to remove certain officers and in certain cases, is not involved in this proceeding. It is not pretended that the plaintiff had been removed or that any law had lodged in the Governor the power of removal; but, that by a change of residence, he had vacated the office. There is no force in the argument that the plaintiff was debarred from claiming the office by acts of acquiescence in the incumbency of the defendant, which acts simply consisted in receiving from the defendant costs, to which the plaintiff was entitled, accruing whilst he was exercising the functions of the office.

We are satisfied, too, that the act under which this proceeding was instituted, is constitutional, and that all the objects of the act are fully covered by its title; and that the title of the act, which is: " An act to regulate proceedings in contestations between persons claiming judicial office," indicates clearly that its provisions were intended to apply to

the office in question; and that the provisions for the contestations pre-scribed in the body of the act, are in due conformity to the title.

There is no question but that the defendant was, under his com-mission, a *de facto* officer, and that his official acts have been performed under the color of office, and are protected thereby from nullity.

The judgment appealed from is affirmed with costs.

## DISSENTING OPINION.

POCHÉ, J. I am not satisfied that the amount involved in this case exceeds one thousand dollars, exclusive of interests—a state of facts which the appellant must show affirmatively. I think that the appeal should have been dismissed, and hence I dissent from the opinion and decree of the majority of the Court.