## STATE OF NORTH DAKOTA v. TOM BROWN.

(165 N. W. 520.)

**Legislature — acts — title of — one subject — shall only be embraced — provisions of body of act — expressed in title.**

The title, "An Act to Provide for the Punishment of Any Person Carrying Concealed Any Dangerous Weapon or Explosive or Who Has the Same in His Possession, Custody, or Control," is sufficiently comprehensive to cover a provision in the act, which makes the carrying concealed of revolvers and other dangerous weapons unlawful and provides for the punishment of the same, and is not in violation of § 61 of the Constitution of North Dakota, which provides that "no bill may embrace more than one subject, which shall be expressed in its title."

Opinion filed November 7, 1917.

Prosecution for carrying concealed weapons.

Appeal from the District Court of Cass County, Honorable *J. T. Cole,* Judge.

Judgment for plaintiff. Defendant appeals.

Affirmed.

*Pfeffer & Pfeffer,* for appellant.

No bill shall embrace more than one subject and such subject shall be expressed in its title. Const. § 61.

The act in question violates the Constitution in that the body of the act contains provisions relating to other matters and subjects which are not expressed in its title. N. D. Sess. Laws 1915, chap. 83, § 1.

If these provisions of such act are void, then the old law of the state governs. Comp. Laws 1913, § 9770.

It was incumbent upon the state to show whether the "concealed weapon" was loaded or partly loaded. Sess. Laws 1915, chap. 83, § 1; Comp. Laws 1913, § 9770; Powers Elevator Co. v. Pottner, 16 N. D. 359, 113 N. W. 703.

"Although the courts may eliminate parts of an act as unconstitutional and sustain and give effect to the remaining portions, it is sometimes difficult to apply this process to penal statutes, because they are always construed strictly." 6 R. C. L. 132; 36 Cyc. 1183, and cases cited.

The act in question is an original act, and is not an amendment, and therefore the general rule, "that it is sufficient if the amendment is germane to the subject of the act of which the amended section is a part, and the same is within the title of the original act," does not apply. School Dist. v. King, 20 N. D. 614, 127 N. W. 515; State v. Fargo Bottling Works Co. 19 N. D. 396, 26 L.R.A.(N.S.) 872, 124 N. W. 387; Comp. Laws 1913, § 9770; Divet v. Richland County, 8 N. D. 65, 76 N. W. 993; State ex rel. Standish v. Nomland, 3 N. D. 427, 44 Am. St. Rep. 572, 57 N. W. 85; Ives v. Norris, 13 Neb. 252, 13 N. W. 276; 23 Am. & Eng. Enc. Law, 232, § 23, note 6; People v. Congdon, 77 Mich. 351, 43 N. W. 986; Somerset County v. Pocomoke Bridge Co. 109 Md. 1, 71 Atl. 462, 16 Ann. Cas. 874; Stiefel v. Maryland Inst. 61 Md. 148; Fout v. Frederick County, 105 Md. 563, 66 Atl. 487; Cooley, Const. Lim. 3d ed. 158.

*Wm. Langer,* Attorney General, and *A. W. Fowler,* State's Attorney, and *W. C. Green,* Assistant State's Attorney, for respondent.

As shown by the title, the subject of chapter 83, the act in question, is the punishment of persons carrying dangerous weapons and explosives. The body of the act simply elaborates the title by enumerating various kinds of dangerous weapons, among which is included an unloaded revolver. The act is not unconstitutional. State ex rel. Standish v. Nomland, 3 N. D. 427, 44 Am. St. Rep. 572, 57 N. W. 85; Powers Elevator Co. v. Pottner, 16 N. D. 359, 113 N. W. 703.

BRUCE, Ch. J.  The information in this case alleges that the defendant "did commit the crime of carrying concealed weapons, committed in the following manner, to wit: "That at said time and place the said defendant did wilfully, unlawfully, and feloniously carry concealed in his clothes a firearm, to wit, a revolver, a more particuar description of which is to informant unknown. That said defendant was not at said time a public officer, and was not carrying said weapon in the prosecution of or to effect a lawful and legitimate purpose."

The defendant and appellant seeks a reversal of the judgment on two grounds: (1) That chapter 83 of the Laws of 1915, under which the defendant is sought to be convicted, is unconstitutional in that the act embraces a subject not expressed in the title; and (2) that since the said act is unconstitutional, § 9770 of the Compiled Laws of 1913 alone applies, and that this section contemplates a loaded or partially loaded weapon, and there is no proof of such fact in the case at bar.

Chapter 83 of the Laws of 1915 is as follows: "An Act to Provide for the Punishment of Any Person Carrying Concealed any Dangerous Weapons or Explosives, or Who Has the Same in His Possession, Custody, or Control, unless Such Weapon or Explosive is Carried in the Prosecution of a Legitimate and Lawful Purpose."

"Be it enacted by the legislative assembly of the state of North Dakota:

"§ 1. Any person other than a public officer, who carries concealed in his clothes any instrument or weapon of the kind usually known as a blackjack, slung shot, billy, sand club, sand bag, bludgeon, metal knuckles, or any sharp or dangerous weapon usually employed in attack or defense of the person, or any gun, revolver, pistol, or other dangerous firearm, loaded or unloaded, or any person who carries concealed nitroglycerin, dynamite, or any other dangerous or violent explosive, or has the same in his custody, possession or control, shall be guilty of a

felony, unless such instrument, weapon or explosive is carried in the prosecution of or to effect a lawful and legitimate purpose.

"§ 2. The possession, in the manner set forth in the preceding section, of any of the weapons or explosives mentioned therein, shall be presumptive evidence of intent to use the same in violation of this act.

"§ 3. Penalty. Any person upon conviction of violating the provisions of this act, shall, in the discretion of the court, be imprisoned in the state penitentiary not more than two years," etc.

Appellant contends that § 1 of this act contains a subject which is not expressed in the title. He contends that the only subject expressed in the title is that of the punishment of any person carrying concealed or dangerous weapons, etc. He maintains that nothing is said in the title as to the definition of the crime.

There is, in our opinion, no merit in this contention. The only purpose of the constitutional provision is "that neither the members of the legislature nor the people shall be misled by the title." Sun Mut. Ins. Co. v. New York, 8 N. Y. 241; State ex rel. Gaulke v. Turner, 37 N. D. 635, 164 N. W. 924. The title states that the act provides for the punishment of *any* person carrying concealed *any* dangerous weapon. Surely neither the legislature nor the people were misled by the provision therein, which enumerated revolver (whether loaded or unloaded) among the dangerous weapons the carrying of which was sought to be prohibited.

If the title had used the words, "to make it unlawful for," instead of "for the punishment of," there would have been no doubt of its validity or comprehensiveness; and the body of the act, after stating that the carrying of such weapons was prohibited, could have provided for a penalty. We can see no difference between the two methods of statement.

Nor does the fact that the prior act (Comp. Laws 1913, § 9779) declares it to be a misdemeanor to carry concealed certain weapons, and applies only to loaded or partly loaded firearms, alter the situation. It nowhere defines the term "dangerous weapons," and the act before us covers *all* persons and *any* dangerous weapons.

The judgment of the District Court is affirmed.

GRACE, J. I concur in the result.