## No. 9212.

### ANDERSON *v.* BOARD OF COUNTY COMMISSIONERS OF DOUGLAS COUNTY.

*Error to Douglas District Court, Hon. J. W. Sheafor, Judge.*

#### On Rehearing.

STATUTE—*Title.* Where an act deals with a subject at large, and the title clearly expresses the purpose of the enactment, it must be upheld.

2. The title of the statute being "An act to amend sec. 1 of an act to provide for the salaries of certain officers * * *, and to repeal all acts inconsistent herewith, approved, etc., and to repeal all acts and parts of acts in conflict herewith", sustained, as fixing the future salary of a county judge.

*En banc.*

Mr. WILLIAM DILLON, for plaintiff in error.

Mr. HAROLD A. SENTER, Mr. L. W. CUNNINGHAM, for defendant in error.

Mr. JAMES W. MCCREERY, Mr. DONALD C. MCCREERY, Mr. DELPH E. CARPENTER, Amici Curiae.

Opinion by Mr. Justice Teller:

PLAINTIFF in error brought an action against the defendants in error to recover what he claimed to be a balance of salary due him for services as County Judge. A demurrer to the complaint was sustained, and judgment entered accordingly.

The case is now here for review upon the ruling on the demurrer.

Plaintiff in error was allowed a salary in accordance with the provisions of chapter 55 of the Laws of 1913. He claims that said law is invalid because, as he asserts, it attempted to amend section 1 of the act approved April 6, 1891, which said section had been repealed by chapter 88 of the Laws of 1905, by which he claims his compensation is fixed.

In reply to counsel's claim that the act of 1913 is void for the reasons above stated, the defendants urge that although it purported to amend a section of an act repealed by implication, nevertheless, it may stand as an independent statute.

Plaintiff in error relies upon *Wall v. Garrison*, 11 Colo. 515, 19 Pac. 467, which holds that an attempted amendment of a section of a statute which has been repealed is void.

That case, however, is not determinative of the question here presented. The act there under consideration is entitled,

"An act to amend Chapter 59 of the General Laws, and to repeal all laws inconsistent therewith."

The act of 1913 here in question is entitled,

"An act to amend Section 1 of an act entitled 'An act to provide for the payment of salaries to certain officers, to provide for the disposition of certain fees and to repeal all acts inconsistent herewith.' Approved April 6, 1891; and to repeal all acts and parts of acts in conflict herewith."

It is urged that this title is obnoxious to Article V, section 21 of the Constitution, in that it does not clearly express the subject of the legislation. In *Wall v. Garrison*, *supra*, this court held that the act could not stand because of the insufficiency of its title.

It will be observed that there no one is advised by the title, of the real subject of the legislation. Resort must be had to Chapter 59 of the General Laws to ascertain the subject. Here, however, the title of the amended act is recited and advises everyone of the subject of legislation. The rule is that where an act deals with a subject at large, and expresses clearly the purpose of the legislature in the enactment, it must be upheld.

*People v. Board of Canvassers*, 143 N. Y. 84, 37 N. E. 649.

In *Colorado F. & L. S. Co. v. Beerhohm*, 43 Colo. 464, 96 Pac. 443, this court had under consideration the question of the sufficiency of a title of an act of the legislature.

The title there involved recited the title of the act which was amended. This court sustained the amended act, holding that the requirement of the constitution is met if the title to the original act is "sufficient to embrace the matters covered by the provisions of the amendatory act; in other words, the amendment is valid if it is germane to the title of the original act."

In the case of In Re *Breene*, 14 Colo. 401, 24 Pac. 3, this court held that the constitutional provision here in question "should be liberally and reasonably interpreted, so as to avert the evils against which it is aimed, and at the same time avoid unnecessarily obstructing legislation."

Under the rule of construction thus laid down, we are required to sustain the law of 1913, if the purpose of its enactment is reasonably clear from the language used. There is no doubt that the legislature overlooked the fact that the law of 1905 had been substituted for the act of 1891 as to the matter of classification of counties. It is equally clear that the legislature intended to legislate upon that very subject, and that such legislation was for the purpose of fixing the salaries of county officers. From the title of the act, anyone may ascertain what was the subject which the legislature had under consideration. The case is clearly distinguishable from *Wall v. Garrison, supra,* which did not come within the rule above stated. There are numerous authorities to support the position now taken in this case. The general trend of authorities is to the effect that the purpose of the legislature should be upheld where it can be done without doing violence to established rules of construction, and that a statute which deals fully with a subject of legislation should, if reasonably possible, be sustained as an independent statute.

Classification of counties is a step in the constitutional procedure to determine the compensation of certain county officers and any statute treating of such classification is germane to the general subject of salaries of county officers. It is unnecessary to consider whether or not the act of 1905 repealed all of the act of 1891, or whether certain por-

tions of that act were re-enacted.   It is sufficient to determine that when this action was brought, the act of 1913 was operative, and fixed the salary of plaintiff in error.

There was no error in the sustaining of the demurrer to the complaint, and the judgment is accordingly affirmed.

*Affirmed.*

*En banc.*

### Upon Petition for Rehearing.

COUNSEL for plaintiff in error calls attention to the fact that the counsel who appeared as *amici curiae* made the charge, that the defense in the trial court was merely *pro forma;* and he urges that such charge is an injustice to the defendants and their counsel.  We find nothing in the record to support the charge referred to.  The case presented only a question of law, which is discussed in the briefs with earnestness and ability.

The case is now decided upon one of the grounds suggested by the counsel for defendant in error, and we find nothing in the case to justify criticism of them.

Rehearing denied.

Decided April 7, 1919.   Rehearing denied January 5, 1920.