## THE STATE OF NORTH DAKOTA EX REL. THE BOARD OF EDUCATION OF THE CITY OF DEVILS LAKE OF THE STATE OF NORTH DAKOTA, Respondent, v. J. A. KRAMER, as County Auditor of the County of Ramsey, North Dakota, Appellant.

(190 N. W. 271.)

**Schools and school districts — electors of school district may by majority vote increase tax levy above limit prescribed.**

    1. Chapter 122 of the Session Laws of 1921, is construed, and it is held that it authorizes electors of school districts by a majority vote to increase the tax levy above the limit otherwise prescribed.

**Schools and school districts — law providing for certification of tax to the county auditor not applicable to additional tax authorized by electors.**

    2. Chapter 144 of the Session Laws of 1915 is construed, and held, not applicable as to the time of certification to an additional tax authorized by the electors under Chapter 122 of the Session Laws of 1921.

Opinion filed October 4, 1922.

Schools and School Districts, 35 Cyc. p. 1003 n. 12 New; p. 1016 n. 27.

Appeal from judgment of the District Court of Ramsey County, *Buttz, J.*

Affirmed.

*S. W. Thompson,* State's Attorney of Ramsey County, for appellant.

*Flynn, Traynor & Traynor,* for respondent.

BIRDZELL, Ch. J. This is an appeal from a judgment in favor of the plaintiff in a mandamus proceeding.

The plaintiff and petitioner alleges, among other things, that prior to the 15th day of August, 1922, a special election was held in the

Devils Lake special school district for the purpose of authorizing a tax levy of 25 per cent in excess of the limit otherwise provided by chap. 122 of the Session Laws of 1921, and that an election held on August 15th resulted in a favorable vote on the proposition. That the board of education, thereupon, by resolution, directed the levy of $17,000 for school purposes, which sum was within the 25 per cent increase authorized at the election. That upon certification of the levy to the county auditor, the latter refused to extend the taxes. As above stated the trial court awarded the mandamus.

Upon this appeal there are but two questions presented, i. e., whether or not the taxes, so authorized, are within the limitation prescribed by chap. 122 of the Laws of 1921, and whether or not the levy was made within the proper time. Section 2, of chap. 122 of the Session Laws of 1921 reads as follows:

"The total amount of taxes levied for any purpose, except special levies for local improvements and for the maintenance of sinking funds in any county or political subdivision thereof in any village, town or city within the state shall not exceed an amount equal to one-third of the total combined levies, which were made for the years 1918, 1919, and 1920, except that school districts may levy not to exceed 30 per cent in excess of such amount, and provided that any county or political subdivision thereof or any village, town or city may increase such levy in the same proportion as the assessed property valuation increases or has increased over that of the year 1919. Provided, however, that the electors of any county or political subdivision thereof or any village, town or city within the state, may by a majority vote authorize a levy of 25 per cent in excess of this limit."

The contention is that the proviso stated in the last sentence of the above section does not include school districts. This contention is based upon the fact that in the preceding sentence school districts are excepted from the limitation prescribed and are allowed to levy "not to exceed 30 per cent in excess" of the average levy for the years 1918, 1919, and 1920. It is argued that the exception manifests an intention to prescribe a wholly separate and independent limitation for school districts, and that the proviso stated in the second sentence is not intended to apply to them. However forcible the argument might be from the standpoint of policy, it is not a valid contention, in view

of the language of the statute. The legislature doubtless intended to cover a school district by designating it as a political subdivision of a county; for, in the first sentence, the only term that is used in imposing a limitation which could, with any degree of propriety, include a school district, is "any county or *political subdivision thereof*," and from the limitation of the average of combined levies, an express *exception* is made that school districts may levy not to exceed 30 per cent in excess of this amount. The exception clearly implies inclusion in the antecedent expression. When, therefore, in the next sentence, provision was made for increasing the limitation by a majority vote and the term which had been used as embracing school districts in the previous sentence was again employed, it would seem obvious that, as a matter of grammatical construction, school districts would be included within the proviso as they were within the limitation. The act furnishes no indication of a contrary intention. It follows that the statute must be applied according to its literal meaning.

The contention that the levy was not made within proper time for certification to the county auditor is based upon chap. 144 of the Session Laws of 1915, which provides that the board of education shall on or before the 20th day of July in each year levy a tax for the support of the schools of the corporation for the fiscal year next ensuing. The tax so levied is required to be certified to the county auditor by the clerk of the board. No time is fixed for the holding of the election authorizing the additional tax under the proviso of § 2, chap. 122, of the Laws of 1921, and neither is any time fixed in chap. 144 of the Session Laws of 1915, for the certification of the taxes by the clerk of the board to the county auditor. We are of the opinion that chap. 144 of the Laws of 1915 has no application to an additional tax under chap. 122 of the Session Laws of 1921, and, furthermore, that the provisions of chap. 144, of the Laws of 1915 as to time are directory. It is not contended here that the taxes were not certified within sufficient time to enable the county auditor to extend them in the tax lists, and it appears that they were, in fact, certified before the equalization of the assessment was completed.

Judgment appealed from is affirmed.

CHRISTIANSON, BRONSON, GRACE and ROBINSON, JJ., concur.