E. B. KLEIN, Appellant, v. W. H. HUTTON, Respondent.

(191 N. W. 485.)

**Constitutional law — act providing for conciliation of controversies where amount involved $200 or less held constitutional.**

Chapter 381, Session Laws, 1921, which provides for the conciliation of controversies, where the amount involved is $200 or less, is a valid enactment and in no manner contravenes, as contended, certain provisions of the Constitution of the United States or of the state of North Dakota. (The appellant claimed that the act was invalid as contravening some of the provisions of the Constitution of the United States and many of the provisions of the state Constitution. The grounds on which the unconstitutionality of the statute is asserted are so numerous that it would be impracticable to state them all in a syllabus. In the opinion they are fully analyzed and decision made of them.)

Opinion filed November 25, 1922.

Constitutional Law, 12 C. J. § 164 p. 744 n. 94; § 855 p. 1128 n. 17; § 864 p. 1138 n. 5, 6; § 997 p. 1220 n. 82. Courts, 15 C. J. § 179 p. 857 n. 38 New. Juries, 35 C. J. § 17 p. 151 n. 43; § 146 p. 226 n. 33.

An appeal from the District Court of Burleigh County, *Nuessle,* J. Judgment affirmed.

*Theodore Koffel* and *R. C. Morton,* for appellant.

Section 260 of the Territorial Code of 1862 provides that issues of fact arising in action for the recovery of money, or of specific real or personal property shall be tried by a jury so that the plaintiff's cause of action comes directly within the class of cases guaranteed by the

state Constitution under the above section of the Territorial Code. City Fuel & Transfer Co. v. Young, 185 N. W. 934; State v. Fischer, 184 N. W. 774; Widen v. State, 124 N. W. 509; State v. Grunke, 59 N. W. 452; Goyke v. State, 117 N. W. 1126.

The guaranty by the Constitution for a trial by jury has been held to mean "that it shall not be destroyed or annulled by legislation, nor so hampered or restricted as to make the provision a nullity." "Inviolate" constitutes freedom from substantial impairment. 16 R. C. L. 196.

The rights of suitors ought to be determined by the law existing when the cause of action arose, and such rights cannot be abridged either by judicial decision or by statute. Schafner v. Young, 10 N. D. 245, 86 N. W. 733; Conrad v. Smith, 6 N. D. 337, 70 N. W. 815; Dak. Inv. Co. v. Sullivan, 9 N. D. 303, 83 N. W. 233; Eaton v. Guaranty Co., 11 N. D. 79, 88 N. W. 1029; Diver v. Cornwall, 10 N. D. 123, 86 N. W. 227.

It has been held that an agreement in advance of the arising of a controversy to submit the question of law to a private party is invalid. Sanitary Dist. v. McMahan & M. Co. 110 Ill. App. 510.

Therefore this statute is an additional burden upon the small claimants and instead of favoring small claimants it casts a greater burden and hardship upon them, which is not required of the larger claimants, and also shortens the statute of limitations upon small claims. Adams v. Kenoyer, 17 N. D. 302, 116 N. W. 92, 16 L.R.A.(N.S.) 681; Clark v. Doyle, 17 N. D. 340, 116 N. W. 348; State v. Devine, 98 N. C. 778.

A law which displaces constitutional officers by whatever officials during a portion of the time is unconstitutional. Ex parte Corliss, 16 N. D. 470, 114 N. W. 962.

(b) This statute makes no provision for a review of its decisions by writs of error or otherwise. On the contrary it absolutely prohibits writs of error or appeals from being taken from said board, prohibiting any records of its proceedings being kept, and therefore, having no record there is nothing upon which an appeal can be taken. Const. of North Dakota, § 109; Larson v. Dutton, 40 N. D. 230, 168 N. W. 625; Christianson v. Farmers Warehouse Assn. 5 N. D. 438, 67 N. W. 300.

*John H. Wigmore* (of counsel) for the American Judicature Socitey, and *Herbert Harley* and *Albert Kocourek,* amici curiæ.

"When the legislative assembly repeatedly construes or interprets a constitutional provision, such construction or interpretation should be followed by the courts when it can be followed without doing violence to the fair meaning of the words used, in order to support the legislative action and give effect thereto, if the language construed admits of such construction."

If it might be supposed that §§ 7 and 120 are in conflict, the later provision would control because of its position in the constitution. If two provisions are in conflict the last in order of time or of position will prevail. Ex parte Mascolo (Cal. 1914) 142 Pac. 903; Quick v. White Water Twp. (1856) 7 Ind. 570; Hope v. New Orleans, 106 La. 345, 30 So. 842; Hoag v. Washington-Oregon Corp. 75 Or. 588, 144 Pac. 574, 147 Pac. 756; Cent. Dig. Const. Law, § 9; Dec. Dig. Const. Law, Key 15.

A. The people of North Dakota intended to have a tribunal of conciliation, if the legislature saw fit to establish it. As this court has said, the object sought by the Constitution to be accomplished must be kept in mind. State v. Robinson (N. D.) 160 N. W. 514; Jarrolt v. Moberly, 103 U. S. 580, 26 L. ed. 492; Knox v. Lee, 12 Wall. 457, 531, 20 L. ed. 287; Gibbons v. Ogden, 9 Wheat. 1, 6 L. ed. 23; Dorman v. State, 34 Ala. 238.

B. The legislature is the exclusive judge of the means to be provided for the promotion of a constitutional object. Zikos v. Oregon R. Co. 179 Fed. 893.

C. There is even a presumption in favor of constitutionality by the mere fact of enactment of a statute. O'Laughlin v. Carlson, 30 N. D. 218, 27 N. W. 675; State v. Taylor, 33 N. D. 85, 156 N. W. 561; State v. Armour, 27 N. D. 177, 145 N. W. 1033, L.R.A. 1916E, 380; Bradley v. Richmond, 227 U. S. 477, 485, 33 Sup. Ct. Rep. 318, 57 L. ed. 603.

It is well settled that in judicial proceedings, whether civil or criminal, a state may, if it chooses, dispense with trial by jury. Even in criminal cases, it may dispense with indictments, and may permit a conviction in felony cases by a jury of less than twelve. Maxwell v. Dow, 176 U. S. 581; Walker v. Sauvinet, 92 U. S. 90.

Even the compulsory feature of the Compensation Act does not oper-

ate to deny trial by jury as guaranteed by any constitution. Grand Trunk R. Co. v. Industrial Commission, 291 Ill. 167.

The second of these recent statutes is the Arbitration Act. Many of the constitutional objections raised on this record were advanced against that act. In the same year (1921) that act was held constitutional in Illinois and in New York. White Eagle Laundry Co. v. Slawek (1921) 296 Ill. 240, 129 N. E. 753; Berkovitz v. Arib & Houlberg (1921) 230 N. Y. 261, 130 N. E. 288.

*Zuger & Tillotson,* for respondent.

The courts hold that the constitutional guaranty of a jury trial is satisfied if a party is afforded a jury trial on appeal though not in the tribunal of primary jurisdiction. Flour City Fuel & Transfer Co. v. Young (Minn.) 185 N. W. 934.

GRACE, J. This is an appeal from a judgment and for costs and disbursements. It will be conducive to a clear comprehension of the issues involved to set forth a concise statement of the material facts necessary to be stated: On the 6th day of December, 1920, at Bismarck, North Dakota, the defendant executed and delivered to plaintiff, his promissory note of that date in the sum of $60, bearing interest at 10 per cent per annum, and due on demand. Demand for payment of the note was duly made. No payment was made, except the sum of $2. At the time the action was commenced plaintiff was the owner and holder of the note.

At the time of commencement of the action there was a duly appointed, qualified, acting conciliation board within and for the county of Burleigh, state of North Dakota, which was appointed by virtue of the provisions of chapter 38 of the Session Laws of 1921, which repealed §§ 9187–9192 of the Comp. Laws, 1913. The plaintiff before commencement of this action did not file in any court a certificate of a conciliator, showing any attempt to effect a settlement of the claim upon which the action is brought. He made no attempt to have his claim submitted to conciliation. In the action no provisional or ancillary remedy was sought nor was there involved therein title or possession of real estate; nor has any district judge directed the issuance of process therein without recourse to conciliation proceedngs. There are no other material facts.

The complaint is in the ordinary form in such cases before the passage of the Conciliation Act. In substance the defense set forth in the answer is: That at the time of the commencement of the action, there was a duly appointed, qualified acting conciliation board within and for the county of Burleigh, as provided for under chap. 38 of the Session Laws of 1921, referred to in the answer as Senate Bill No. 158 of the 17th legislative assembly; that plaintiff before the commencement of the action did not file in any court a certificate of a conciliator, showing an attempt to effect a settlement of the claim upon which the action is founded; that such attempt has failed; that the action is not one in which a provisional or ancillary remedy is sought; that it does not involve title or possession of real estate, and, that no district judge directed the issuance of any process in the action without recourse to conciliation proceedings.

Were it not that the ultimate issues, and innovation in the administration of justice, provided for in the act in the kind of controversies to which it relates concerns, not only the social welfare of the citizens of this state, but indirectly may concern the welfare of the citizens of other states of the Union, should such other states or any of them at some future time see fit to follow the example of North Dakota in the enactment of a conciliation act, the first of the states to establish a state wide tribunal of conciliation, the case would be of minor importance, but in the circumstances the case is one of unusual public interest. The case has been ably briefed by the counsel of both parties, and especially able and helpful is the brief filed by Honorable John Wigmore of counsel, author of the well-known work on evidence, which bears his name, who, from public interest, appeared on behalf of the American Judicature Society, and Herbert Harley and Albert Kocourek, who appear as amici curiæ, and whose participation is also from public interest.

The manifest purpose of the act is to facilitate, regulate, and encourage a voluntary adjustment of matters which otherwise would or may become the subject of legal controversies, where such amount does not exceed $200, and to provide a means to accomplish that end, the use of which will not necessitate invoking the powers and functions of the ordinary and regularly constituted courts of justice. Perhaps in this state from one third to one half of all civil causes involve not to exceed $200, any of which may be litigated from the lowest to the highest

court, many of which in fact are so litigated, and which, had just a little common sense been applied to the facts by the litigants, would not have resulted in litigation. Neither is it an unreasonable statement that the expenses of such litigation to the parties concerned will approximate the amount involved therein. However, the monetary loss in this class of litigation is not the full measure of the whole loss; to ascertain the whole loss, there must be included loss of time, for time is of great value; if it were possible to get an accounting of all the time consumed or lost by litigants in this state in all actions involving not more than $200 plus the loss of time by all witnesses and that were applied to production of what may be termed necessities of life, the amount of such production and its value would be astounding. In addition to this, every law suit is a minature war, in which the respective combatants are bringing into action all their ingenuity, energy, and resourcefulness for the purpose of acquiring victory, and like war, when the battle is ended there still remains in the breasts of the participants a certain amount of resentment against their late adversaries. The principle of encouraging private adjustments of legal controversies embodied in the act was in all probability derived from the laws of Norway and Denmark, where a conciliation system has been in use since 1797. Many thousands of citizens of each of those countries later became citizens of our country, and of our state in particular, constituting therein a great body of our most respected citizenship, now, as at the time of the adoption of our Constitution.

The purpose of the act being praiseworthy, seeking to maintain amicability between those who otherwise might be compelled to resort to expensive litigations over claims within the amount specified by the act, it should be sustained unless its provisions are inhibited by the fundamental law of the United States or of this state. That the act in various respects and for various reasons contravenes in certain respects, the Constitution of the United States and that of the state of North Dakota is the contention of the appellant. Appellant's contentions challenging the validity of the act are eight in number; each will be considered in the order adopted in appellant's brief.

## Point "1."

Appellant contends that the act is unconstitutional and contravenes § 61 of the Constitution of North Dakota, in that its title is defective.

The title of the act reads thus: "An Act to Provide for **Conciliation** of Controversies and to Repeal Sections 9187, 9188, 9189, 9190, 9191 and 9192 of the Compiled Laws of North Dakota for 1913." The provisions of § 61 of the Constitution are as follows: "No bill shall embrace more than one subject, which shall be expressed in its title, but a bill which violates this provision shall be invalidated thereby only as to so much thereof as shall not be so expressed."

The subject of the bill which became chapter 38 is Conciliation of Controversies, that is, the subject-matter or object of the bill is conciliation of controversies. It is evident that there could be no conciliation of controversies, unless there were a tribunal, conciliation board, or a conciliator or conciliators with powers to be exercised in a definite territory, and before whom such controversies could be taken for conciliation; it is also clear, that in order for the tribunal or board to properly function, some form of organization would necessarily have to be provided and the powers and duties of the conciliators or a conciliator defined and his or their compensation fixed. Again, in order for the board of conciliation or the conciliators to function and to accomplish the purpose intended, there would need to be some method of procedure prescribed through which proceedings might be brought before them. A proper bill for the conciliation of controversies would designate some authority empowered to establish a conciliation board in definite territory. It would specify a means of designating conciliators and their number, their eligibility, compensation, and in what manner they should qualify before entering upon the discharge of their duties, the extent of their jurisdiction and any limitations of it; provide for conciliation proceedings, as a prerequisite to process and provide for the repeal of other laws or sections of other laws in conflict with the act. All of these matters would be germane to the organization, jurisdiction, and procedure of a tribunal or board, created for the conciliation of controversies. The bill under consideration contains all these essential matters or things and perhaps more of similar import to which specific reference has not been made. It consists of fifteen sections, all of which are germane to the organization, jurisdiction, and procedure of the tribunal or board for the conciliation of controversies created by the act. In short, the whole subject-matter of the bill relates to the conciliation of controversies. The subject of the bill is expressed

in the title. The bill is valid and does not contravene the provisions of § 61. State ex rel. Goodsill v. Woodmansee, 1 N. D. 246, 11 L.R.A. 420, 46 N. W. 970; State v. Haas, 2 N. D. 202, 50 N. W. 254; Martin v. Tyler, 4 N. D. 278, 25 L.R.A. 838, 60 N. W. 392; Bye v. Stafford, 4 N. D. 304, 60 N. W. 401; State ex rel. Kol v. North Dakota Children's Home Soc. 10 N. D. 493, 88 N. W. 273; State Finance Co. v. Mather, 15 N. D. 386, 109 N. W. 350, 11 Ann. Cas. 1112; Powers Elevator Co. v. Pottner, 16 N. D. 359, 113 N. W. 703; State v. Minneapolis & N. Elevator Co. 17 N. D. 23, 138 Am. St. Rep. 691, 114 N. W. 482; State ex rel. McCue v. Blaisdell, 18 N. D. 55, 24 L.R.A. (N.S.) 465, 138 Am. St. Rep. 741, 118 N. W. 141; State ex rel. Poole v. Peake, 18 N. D. 101, 120 N. W. 47; McKone v. Fargo, 24 N. D. 53, 138 N. W. 967; State v. McGillic, 25 N. D. 27, 141 N. W. 82; State ex rel. Gaulke v. Turner, 37 N. D. 635, 164 N. W. 924; State v. Brown, 38 N. D. 340, 165 N. W. 520; Brown v. Steckler, 40 N. D. 113, 1 A.L.R. 753, 168 N. W. 670; State ex rel. Amerland v. Hagan, 44 N. D. 306, 175 N. W. 372; Herrmann v. Mobile County, 202 Ala. 274, 80 So. 112; Reese v. State, 16 Ala. App. 431, 78 So. 461; Henry v. State, 200 Ala. 475, 76 So. 417; Longshore v. State, 200 Ala. 267, 76 So. 33; Park v. Pacific Fire Extinguisher Co. 37 Cal. App. 112, 173 Pac. 615; Anderson v. Douglas County, 67 Colo. 403, 186 Pac. 284; Re School Code of 1919, 7 Boyce (Del.) 406, 108 Atl. 39; Rushton v. State, 75 Fla. 422, 78 So. 345; Crowell v. Akin, 152 Ga. 126, 19 A.L.R. 51, 108 S. E. 791; Crawley v. State, 150 Ga. 86, 102 S. E. 898; Baltimore & O. Ry. Co. v. Whiting, 161 Ind. 229, 68 N. E. 266; Stewart v. Brady, 200 Ill. 425, 133 N. E. 310; Mitchell v. Lowden, 288 Ill. 327, 123 N. E. 566; People ex rel. Gash v. Sweitzer, 282 Ill. 171, 118 N. E. 477; People ex rel. Fitzgerald v. Stitt, 280 Ill. 553, 117 N. E. 784; State Bd. of Charities & Corrections v. Combs, 193 Ky. 548, 237 S. W. 33; McGregor v. Allen, 33 La. Ann. 870; Sunderlin v. Ionia City, 119 Mich. 535, 78 N. W. 651; Gillitt v. McCarthy, 34 Minn. 318, 25 N. W. 637; State v. Women's & Children's Hospital Asso. 150 Minn. 247, 184 N. W. 1022; Payne v. Mahon, 44 N. J. L. 213; Hayes v. Hoboken, 93 N. J. L. 432, 108 Atl. 868; State ex rel. D'Alton v. Ritchie, 97 Ohio St. 41, 119 N. E. 124; Couch v. State, 140 Tenn. 156, 203 S. W. 831; Jackson v. Bell, 143 Tenn. 452, 226 S. W. 207; State v. McCornish, 59 Utah 58, 201 Pac. 637; Richmond v. Pace,

127 Va. 274, 103 S. E. 647; Traveler's Ins. Co. v. Oswego Twp. (8th Cir.) 7 C. C. A. 669, 19 U. S. App. 321, 59 Fed. 58; Daly v. Beery, 45 N. D. 287, 178 N. W. 104; Wilson v. Fargo, 48 N. D. 447, 186 N. W. 263; State ex rel. Board of Education v. Kramer, ante, 190 N. W. 271.

## Point "2."

It is contended that appellant was denied the right of trial by jury secured by § 7 of the state Constitution, which provides so far as material here: "The right of trial by jury shall be secured to all, and remain inviolate." Section 5 of the act provides: "After the expiration of said ninety days, no process shall be issued in commencement of a civil suit by any justice of the peace or by any other trial court unless the moving party shall file in court, a certificate of a conciliator showing that an attempt has been made to affect a settlement of the claim and that such attempt has failed; but the foregoing shall not apply to actions known as provisional or remedial remedies, actions involving title to or possession of real estate and suits involving over $200. Provided, however, that any district court judge in chambers may in a particular instance, on a proper showing, direct the issuance of any such process in any trial court without recourse to conciliation proceedings."

Section 6 deals with the application for a conciliation and the notice to be given by the conciliator to the party complained of and of the requirement of the party to appear before the conciliator. Section 12 provides: "In case the party complained of shall fail to appear at the conciliation hearing or for any other reason there shall be no settlement of the controversy by agreement of the parties, then the conciliator shall give to either or both parties, upon request, his certificate to the effect that an attempt had been made in good faith by the moving party to affect a settlement of the controversy, which shall be concisely described, and that the attempt has failed."

The meaning of these sections, as we view them, is simply this. That no action involving $200, or less shall be commenced in any court, unless it come within some of the exceptions specified in the act, until the moving party, that is, the party who claims to recover first, shall have complied with the provisions of the act, and has received a certificate of the conciliator to the effect that an attempt had been made in

good faith to effect a settlement of the controversy but, that such attempt has failed. The certificate may be given to either or both parties. It is clear from the language of the act that after the procuring of such certificate by either or both of the parties, process may be issued, actions maintained and the right of jury trial obtained by the parties or by either of them in the same manner as before the enactment of the conciliation act; hence the right of jury trial is not denied. The right of "trial by jury" as that term is used in § 7 of the Constitution means a trial in court whether that court be a court of record or one not of record. A conciliation board such as is provided for under § 120 of the Constitution is not a court; it is a tribunal, a board, a table of peace where those who have certain kinds of controversies are invited to sit; this tribunal possesses none of the attributes of a court. There are various kinds of courts with varying powers and jurisdiction. Courts have the power in a greater or lesser degree of issuing process. Their power in this respect is derived from fundamental law, statutory law, enacted in pursuance of fundamental law, the common law, and their own inherent powers. Black, in his dictionary in defining process, uses the following language, after giving limited definitions of it: "But in its more comprehensive signification it includes not only the writ of summons, but all other writs which may be issued during the progress of an action. Those writs which are used to carry the judgments of the courts into effect, and which are termed 'writs of execution,' are also commonly denominated 'final process' because they usually issue at the end of a suit."

Courts, in addition to the power of issuing process have the right to hear, determine, and decide legal controversies presented before them. Where any of these powers is lacking there is no court. The board of conciliation or any conciliator has not the power of issuing process. Upon an application for conciliation made, there is no power to issue process compelling the person against whom the claim is, to appear before the board or a conciliator. All the conciliator may do is to inform the party complained of by letter, telephone, or personally, to appear before him at a certain time; but, if he does not appear, all the conciliator can do is to certify to that fact and to such facts as under § 12 may be properly included in this certificate. He cannot determine nor decide the controversy, if there is objection by either party, as a

court could. He may hear the controversy if both parties appear for the purpose of effecting an amicable settlement between them where they agree in writing to submit their controversy to him; and when so authorized he may make an award. His power to make the award is derived through the written consent of the parties, while a court acquires its jurisdiction of the parties through process which it may lawfully issue. The conciliator exercises what may be termed his good offices not judicially, but in the manner prescribed by law in order to effect a settlement of the controversy, while a court proceeds by process and determines and decides the controversy regardless of the consent of the parties but through and by the exercise of judicial power.

## Points "3" and "4."

It is contended that the act violates § 13 of the Constitution of the state of North Dakota, and articles 5 and 14 of the amendments to the Constitution of the United States. § 13 relates to due process in criminal prosecutions. It defines certain rights possessed by one charged with the commission of the crime. It has no application here as this matter is a conciliation proceeding, relating to a promissory note. As to the 5th Amendment of the Federal Constitution, it is sufficient to say that defendant may not invoke it. It is, we believe, quite firmly established by the decisions of the Federal Supreme Court, that the 5th amendment is a limitation of power of the Federal government, and not of the power of the states. The proceeding here is one before a board of conciliation, or before a conciliator, acting wholly under state legislation. Hunter v. Pittsburgh, 207 U. S. 161, 52 L. ed. 151, 28 Sup. Ct. Rep. 40; Barron v. Baltimore, 7 Pet. 243, 8 L. ed. 672.

The act is not, as contended, a denial of due process of law under either the state or Federal Constitution. All process and every remedy which the appellant had at law, he still has. These have been in no way abridged nor taken away from him. All that is required of him is, that before resorting to such process and the use of such remedies as a condition precedent, he must possess the certificate of a conciliator, showing that the matter was submitted for conciliation, as required by the Act and no conciliation effected; unless the case is one which comes within some of the exceptions specified in the Act and in such event, no such certificate is required. Requiring such a condition pre-

cedent to be performed before litigation may be initiated is not a denial of due process of law, for after compliance with the terms of the Act, he may resort to process and employ whatever remedies at law he formerly had. Requiring the performance of a condition precedent to litigation, such as contained in the Act, relates to the remedy to enforce the obligation and not the obligation; and where an act such as this in some respects affects the remedy applicable to the enforcement of the obligation at the time of the passage of the act, it is not invalid, if— as this Act does—it provide, and permits to remain in force and effect, an adequate remedy for the enforcement of the obligation. Oshkosh Water Works Co. v. Oshkosh, 187 U. S. 437, 47 L. ed. 249, 23 Sup. Ct. Rep. 234; Antoni v. Greenhow, 107 U. S. 769, 27 L. ed. 468, 2 Sup. Ct. Rep. 91; Memphis v. United States, 97 U. S. 293, 24 L. ed. 920; National Surety Co. v. Architectural Decorating Co. 226 U. S. 276, 57 L. ed. 221, 33 Sup. Ct. Rep. 17, 6 R. C. L. p. 359 § 354.

The plaintiff claims the act unconstitutional on the ground that the attorneys of this state have a valid and existing contract with the state to represent litigants in all courts and in all proceedings and that the act impairs that contract. The law cannot be asserted to be invalid for this reason. The authority granted by the state to persons to practise law, after proof of proper qualifications prescribed by law, and after compliance with any statutory enactments in that respect, is not a contract right, but merely a privilege or license. The record does not show that appellant is an attorney. We assume therefore, that he is not one, and hence is not in a position to question the validity of the statute on the ground that it denies the right and privileges, which it is claimed, are secured to attorneys.

Points five to eight both inclusive may be disposed of together. Appellant contends that the act contravenes § 20 of the state Constitution which reads: "No special privileges or immunities shall ever be granted which may not be altered, revoked or repealed by the legislative assembly; nor shall any citizen or class of citizens be granted privileges or immunities which upon the same terms shall not be granted to all citizens." An examination of the act discloses that no privileges or immunities are granted except such as are applicable to all citizens or any of them under the circumstances and conditions expressed in the Act. All who are in the same situation are similarly

affected.    These principles, we believe, are fairly supported by the
following cases:   Vermont Loan & T. Co. v. Whithed, 2 N. D. 82, 49
N. W. 318; State ex rel. Amerland v. Hagan, 44 N. D. 306, 175 N. W.
372.

Point 6 to the effect that the act denies litigants whose claims are
within and subject to the provisions of the act due process of law, has
been above disposed of and needs no further consideration.    Point 7
is to the effect that the act is unconstitutional in that the legislature
attempted to create a court with powers to hear and determine cases
submitted to it, which court was not contemplated in the adoption of
the Constitution; and on the further ground that the act takes away
the supervisory powers of the supreme court over all courts of the state.
These and objections of a similar nature are easily disposed of by stat-
ing in substance what has already been stated, which is that the act
does not create a court.    It confers upon the conciliation board or the
conciliators no judicial power.    It simply established a tribunal by
providing for the appointment of conciliators whose duties are defined
by the act and relate to the settlement and not litigation of claims of
the character of those mentioned in the act.    The act in no way inter-
feres with the powers of any court.    It only requires certain prelim-
inary steps to be taken with reference to the kind of claims mentioned
in the act before the powers of the courts are invoked in the enforce-
ment of them.

Under point 8, appellant contends that the conciliation act is not
framed in accordance with § 120 of the Constitution, and further, that
the procedure is so defective that a plea of res judicata cannot be as-
serted after the conciliation board has acted.    Section 120 provides:
"Tribunals of conciliation may be established with such powers and
duties as shall be prescribed by law or the powers and duties of such
may be conferred upon other courts of justice; but such tribunals or
other courts when sitting as such, shall have no power to render judg-
ment to be obligatory on the parties, unless they voluntarily submit
their matters of difference and agree to abide the judgment of such
tribunals or courts."    The legislature, in accordance with this section,
did establish a tribunal of conciliation and by law duly prescribed its
duties and powers.    Under the provisions of the act it cannot render

its award binding on the parties unless the parties agree in writing to submit their matters of differences to and agree to abide the judgment by award of such tribunal. The judgment by award when so made may be entered upon the docket of the district court as a judgment by award and shall then have full force and effect as a judgment of the court. The provisions of the act in this respect, we think, are within § 120 of the Constitution. In all of the proceedings which may be or are required to be taken under the act there is nothing of the nature of litigation in them, nothing has been adjudicated in a judicial sense. The acts of the board and of the conciliators are administrative in character. The act does not confer upon them judicial power, but only power to bring about settlement if the opportunity offers in the manner contemplated by the provisions of the act. If a settlement is effected under § 14 of the Act, it is authorized to be filed in the district court and becomes a judgment by award of the same force and effect as a judgment of the court. But in doing these acts there is no exercise of judicial power by the board or a conciliator, but the award when filed in the district court is very similar to a confession of judgment in that court by the parties against whom the award is made.

The claim of appellant that it would be impossible for a suitor or litigant in a subsequent action to plead a former adjudication upon a claim determined by the board will not be considered; it is not here involved. Appellant has asserted that conditions might arise, whereby if one is compelled to first submit his claim to the conciliation board, that the claim in the meantime might become barred through the expiration of the time within which under existing law he is required to commence his action. The appellant is in no position to raise that question, as it is not involved in this case. Appellant contends that the right of appeal is denied since there is no right of appeal from the conciliation board. This is effectively answered by again stating that a conciliation board is not a court. The Act is a valid enactment.

The judgment appealed from is affirmed. Respondent is entitled to his costs and disbursements on appeal.

BIRDZELL, Ch. J., and ROBINSON, CHRISTIANSON, and BRONSON, J.J., concur.