## HARVEY GILLITT *vs.* JOHN McCARTHY.

December 5, 1885.

**Constitution—Title of Statute—Act of 1858 regulating Foreclosure of Real Estate.**—The act of July 29, 1858, entitled "An act to regulate the foreclosure of real estate," (Laws 1858, c. 61,) and regulating rights of redemptions from sales under executions, judgments, orders, or decrees of courts, and under mortgages, by advertisement, has but one general subject, which is sufficiently expressed by its title, as required by section 27, article 4, of the constitution.

Action of ejectment, brought in the district court for Dakota county, and tried by *McCluer*, J. On November 26, 1859, one William Gillitt owned the land in question, and on that day it was duly sold, on execution against Gillitt, to one Howes, for $500. On November 25, 1860, Gillitt tendered to the sheriff of the county $550 for redemption of the land from such sale, which tender was refused. After the year of redemption, a sheriff's deed was made and delivered to Howes. Defendant claims title under Howes, and plaintiff claims title under the attempted redemption. The court held that the tender was insufficient in amount, under Laws 1858, c. 61, and that that statute was the only law applicable to redemption from this sale. Judgment was ordered and entered for defendant, from which the plaintiff appeals.

*W. Hodgson* and *J. M. Gilman,* for appellant.

Laws 1858, c. 61, entitled "An act to regulate the foreclosure of real estate," is unconstitutional in so far as it includes redemptions from ordinary execution sales. Such redemptions, therefore, were regulated by the prior law, (Pub. St. 1858, c. 61, § 115,) and the amount tendered was sufficient.

*J. N. Searles,* for respondent.

GILFILLAN, C. J. In 1858 an act was passed entitled "An act to regulate the foreclosure of real estate." Pub. St. 1858, c. 75, § 21. It provided "that any real estate hereafter to be sold upon the execution, judgment, order, or decree of any court of this state, or upon the foreclosure by advertisement or otherwise of any mortgage, con-

tract, or liability, shall be held by the party purchasing the same subject to the right of judgment debtor or mortgagor, or any one claiming through or under him or them, to redeem the same at any time within," etc.; then follow provisions as to how redemption shall be made, and regulating the right of possession pending the right of redemption. This act was amended in 1860 and 1861, but not so as to remove the objection here made, and as so amended it continued in force until 1866. There must have been a great many execution sales while it was in force, and, so far as has come to our knowledge, either since becoming members of this court, or while on the bench of the district court, or while in practice at the bar, this is the first instance in which it was suggested that it did not apply to redemptions from execution sales as well as mortgage sales. That it did so apply we think we are justified in saying was the common understanding while it remained in force. The intention of the legislature, taking the language used as indicating it, is as clear as words could make it.

But it is said it must be construed so as to exclude execution sales, and confine it to mortgage sales; otherwise it will be in conflict with section 27, article 4 of the constitution, which reads: "No law shall embrace more than one subject, which shall be expressed in its title." There is but one general subject embraced in the law, to wit, the right of purchasers at judicial and mortgage sales, and redemption from such sales. The subject is, perhaps, not very accurately expressed in the title, and we may have to look into the body of the act to ascertain the precise sense in which the terms are used. "Foreclosure of real estate" is somewhat indefinite, but it suggests, if it does not clearly express, the general subject of the act, and it is suggestive of sales by execution, as well as of sales under mortgages. The proposition of this court in *State* v. *Kinsella,* 14 Minn. 395, (524,) in reference to this section of the constitution, applies here. "The insertion in a law of matters which may not be verbally indicated by its title, if suggested by it, or connected with or proper to the more full accomplishment of the object so indicated, is held to be in accordance with its spirit." Where, as in this case, no one could be misled by want of accuracy in the subject of the act

suggested by the title, that must be enough.   If the utmost precision in entitling acts were required, it would seriously embarrass legislation.

Judgment affirmed.