The City of Grand Rapids v. Edwin A. Burling-
ame, Judge of the Superior Court of
Grand Rapids.

*Constitutional law — Statutes—Plurality of objects — Plank-road
companies.*

The provision of Act No. 36, Laws of 1891, authorizing any plank-
road company to sell the whole or any portion of its road and
franchises to any other corporation or person, is not germane
to the general object of the act, as expressed in its title, which
is to enable cities and townships to acquire, either by purchase
or condemnation, that portion of a toll or plank road lying
within their corporate limits; and the act is therefore uncon-
stitutional.

*Mandamus.* Argued October 25, 1892. Denied Novem-
ber 18, 1892.

Relator applied for *mandamus* to compel respondent to
proceed in certain condemnation proceedings. The facts
are stated in the opinion.

*William Wisner Taylor,* for relator.

*Bundy & Travis,* for respondent.

Per Curiam. The relator filed in the superior court of
Grand Rapids a petition for the condemnation of all the
rights of the Grandville Pland-Road Company in certain
of the streets and highways of the said city, in the
petition described. Summons was issued to the defendant,
requiring it to appear and answer. Defendant appeared
specially, and on the 21st day of September, 1892, the
city attorney moved the court for an order directing the
sheriff to write down the names of 24 disinterested free-
holders of said city for the purpose of striking a jury

therefrom. Defendant company, by its attorneys, filed objections to the court assuming or entertaining jurisdiction of the matter, for the following reasons:

"1. Because Act No. 36, Laws of 1891, under which the proceedings are had, is unconstitutional and void, in that it contravenes section 20, art. 4, of the Constitution of this State, and gives no authority to the petitioner to either purchase or condemn the rights of the company.

"2. Because, under the laws of the State, respondent is under obligation to keep and maintain five miles of road, and cannot negotiate for the sale, or sell, any part of its franchise to reduce its length to less than five miles; and it appears by the petition that the respondent only has and maintains five miles of road.

"3. Because the act does not in terms or by necessary implication repeal the provisions of the law under which respondent is required to keep and maintain five miles of road; and, if respondent should voluntarily sell any portion of its present road or franchises, such sale would effect a forfeiture of its right to take toll on such portion of its road as might remain after such sale."

After hearing these objections the court refused to grant the order to strike the jury.

This is a petition for *mandamus* to compel the judge of said superior court to proceed in the matter under said petition in accordance with the terms of the act. The answer admits the facts set up in the petition.

The defendant is a toll-road company, having the right to maintain gates and collect tolls on certain streets and highways of the city of Grand Rapids, and upon a certain highway outside of said city. The portion sought to be condemned is about one-half mile in length within said city limits, leaving it only four and one-half miles of road, which portion is entirely outside of the city. The defendant was organized under the plank-road act of 1851 (Laws of 1851, No. 155). By section 29 of that act (How. Stat. § 3624) it is provided

that whenever any plank-road company shall have com-
pleted its road, or any five consecutive miles thereof,
the said company may erect toll-gates, and demand and
receive tolls.    This act was amended by Act No. 122,
Laws of 1855, and by Act No. 232, Laws of 1875 (How.
Stat. § 3650), by which it was provided that every plank-
road company should have the right to receive tolls after
it had constructed two consecutive miles of road; provided
that the section should apply only to ·plank roads during
the period in which they were in the process of construc-
tion, and not afterwards.

The Legislature, by Act No. 36, Laws of 1891, pro-
vided that cities might acquire the rights of plank-road
companies in their streets.    The act is entitled—

" An act to authorize the cities and townships of this
State to acquire by purchase or condemnation all the rights
of toll or plank road companies in the streets or highways
of such city or township, and to authorize such toll or
plank road companies to sell the whole or any portion of
its road or franchise to any city or township in which the
same may be located, or to any other person or cor-
poration."

Section 1 of the act permits cities to purchase of the
corporation upon such terms as may be agreed between it
and the corporation.    It is provided by section 2 that—

" In case no agreement can be reached for the purchase
of the rights of such toll-road company, said city is author-
ized to condemn such rights, in which condemnation such
city shall proceed as in the condemnation of lands for
streets according to the provisions of Act No. 124 of the.
Public Acts of 1883, and the acts amendatory thereof,.
so far as the same are applicable; but the damages to which
such company may be entitled shall be paid wholly by said'
city."

Section 3 provides that—

" Any plank-road company organized under any of the
laws of this State is hereby authorized to sell the whole or
any portion of its road and franchises to any city, town-

ship, person, or corporation on such terms as may be mutually agreed upon."

This act took immediate effect.

Section 20, art. 4, of the Constitution of this State provides that "no law shall embrace more than one object, which shall be expressed in its title." ,The purpose of the act evidently is to enable cities and townships to acquire, either by purchase or condemnation, the whole or any part of the road beds and franchises of toll or plank road companies within the corporate limits of the city or township.    But the act goes further, and provides that any toll or plank road company may sell, not only to cities and townships, but to any other corporation or person, any portion or all of its corporate rights and franchises. This latter provision certainly is not germane to the general purpose of the act.    It is a distinct and separate purpose.    All the means and ends necessary to the accomplishment of the general object would not be objectionable. If the title expresses a general purpose, all matters fairly and reasonably connected with that purpose, and all measures which would facilitate its accomplishment, would not be in conflict with the above provision of the Constitution. This has been so many times decided by this Court that the cases need not be cited.    But it cannot be said that power and authority given to toll and plank road companies to sell a portion or the whole of their road-beds and franchises to any other corporation or person is germane to the general purpose of the act, which is to enable cities and townships to acquire them, for the purpose, evidently, of making the roads free from toll within such corporate limits.    We think the act open to the objection made,— that it has more than one object.

The court below was not in error in so ruling, and the *mandamus* must be denied.

MONTGOMERY, J., did not sit.