## MARTIN F. ADLEMAN *vs.* THE BOARD OF HEALTH OF THE CITY OF HARTFORD.

First Judicial District, Hartford, October Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

General Statutes, § 4670, provides that no person shall keep a maternity hospital, or lying-in place, until he has obtained a license therefor "duly issued" by the mayor or board of health of the city, or health officer of the town, in which such hospital is located. *Held:*—

1. That in the exercise of its functions the licensing authority was invested with a reasonable discretion, and therefore could not be compelled by mandamus to issue a license to everybody who might apply for one regardless of the applicant's character and moral fitness or the suitability of the proposed location.
2. That the petition for a writ of mandamus to compel the issue of such a license, should allege that the petitioner is a suitable person and that the respondent, in refusing him a license, did not exercise a reasonable discretion; otherwise a motion to quash and dismiss the alternative writ should be granted.

Argued October 5th—decided December 19th, 1911.

APPLICATION for a writ of mandamus to compel the defendant to issue to the plaintiff a license to keep a maternity hospital in the city of Hartford, brought to the Superior Court in Hartford County where the alternative writ was quashed and dismissed (*Williams, J.*), upon motion of the defendant, from which the plaintiff appealed. *No error.*

*Stewart N. Dunning,* for the appellant (plaintiff).

*William Waldo Hyde,* for the appellee (defendant).

THAYER, J. The plaintiff claims that he is entitled to a license to keep a maternity hospital under § 4670 of the General Statutes, which provides that "no person shall keep a maternity hospital, or lying-in place, unless

such person has previously obtained a license therefor, duly issued by the mayor or board of health of the city, or health officer of the town, wherein such maternity hospital or lying-in place is situated." He made an application for such a license to the defendant which was refused. He claims that the statute gives the board of health no discretion in the matter but that they are bound to give a license to every applicant regardless of character or qualifications.

The statute in terms imposes no duty upon the board of health to license any one to conduct such a hospital or place. Any duty which is thereby imposed upon the board is an implied one. Whether such a duty is implied, and if so, the nature, extent and limitations of the duty, are to be determined from the Act itself, its language, and the purpose intended to be accomplished by it. The provisions of the Act subsequent to the portion above quoted, show that the purpose of the Act was to regulate the business of keeping such places as are therein described. Such business when properly conducted is legitimate and of public benefit; but that it affords opportunity for the commission and successful concealment of crime is apparent. The Act contemplates this, and provides for the visitation and inspection of such places, when licensed, for the purpose of detecting the improper treatment of any child and the discovery and removal of any article which the visiting authority thinks presents evidence of any crime having been committed therein. It is not to be presumed that the legislature, contemplating as it evidently did the danger and possibility of such places being used for the perpetration and concealment of crime, intended, in impliedly imposing upon boards of health the duty of "duly licensing" persons to carry on the business, that they should license any and every person who should make application for such a license.

It must have been intended that the board should have some discretion in granting such license, and that the character and moral fitness of the applicant should be considered before granting a license. It cannot be supposed that it was intended that a license should be granted to a person already under conviction for the violation of this very statute, or for some other offense involving moral turpitude.

It is to be implied from the fact that all persons are forbidden to pursue this occupation unless they have procured a license from the board of health, and from the other provisions of the Act referred to, that it is the duty of that board to issue licenses to suitable persons to conduct the business in suitable places; that it does not lie within the absolute discretion of the board to grant or withhold a license as it shall see fit, but that it shall exercise a reasonable discretion in the performance of such duty.

There is no allegation in the application or in the alternative writ, that the applicant is a suitable person to be licensed, or that the defendant in refusing him a license did not exercise a reasonable discretion. Without the allegation and proof of these facts the plaintiff was not entitled to the writ prayed for, and the motion to quash was properly sustained.

There is no error.

In this opinion the other judges concurred.