# STATE v. WOMEN'S AND CHILDREN'S HOSPITAL ASSOCIATION.[1]

### November 4, 1921.

### No. 22,470.

**Act valid.**

1. Chapter 50, Law 1919 (Ex. Sess.) entitled "An act defining and regulating maternity hospitals," is not unconstitutional as embracing more than one subject within article 4, § 27, of the Constitution.

**Constitution — exercise of police power — taking private property.**

2. The statute was enacted in the exercise of the police power, and infringes no right of the defendant under article 1, § 7, of the Constitution, relative to the taking of property without due process, or other constitutional right.

Defendant was charged with the offense of maintaining a maternity hospital without first obtaining a license so to do, tried in the municipal court of St. Paul before Finehout, J., and found guilty as charged. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*C. D. O'Brien* and *Charles L. Hayes,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, *Arthur E. Nelson,* Corporation Attorney, and *L. L. Anderson,* Prosecuting Attorney, for respondent.

DIBELL, J.

The defendant was convicted in the municipal court of St. Paul of maintaining a maternity hospital without first having obtained a license, and appeals.

Two questions are raised: (1) Whether chapter 50, p. 76, Laws 1919 (Ex. Sess.) is unconstitutional because it embraces more than one subject; (2) whether it is unconstitutional within article 1, § 7, of the Constitution guaranteeing due process.

[1]Reported in 184 N. W. 1022.

1. The statute is entitled "An act defining and regulating maternity hospitals." The Constitution provides that "no law shall embrace more than one subject, which shall be expressed in its title." Article 4, § 27.

The statute defines a maternity hospital, for the purposes of the act, and provides for its licensing by the state board of control. Conducting such a hospital without a license is a misdemeanor. Regulations are prescribed for its conduct, and for the health and well-being of the inmates, and public welfare is in view. The purpose of the constitutional provision is to prevent a fraud upon the public and the legislature by the passage of acts, the nature of which is not disclosed in their titles, and to prevent the passage of unrelated measures by a combination of interests concerned with only a part of them and regardless of the others, so that each does not receive separate legislative consideration on its merits. State v. Erickson, 125 Minn. 238, 146 N. W. 364; State v. Shevlin-Carpenter Co. 99 Minn. 158, 108 N. W. 935, 9 Ann. Cas. 634; State v. Cassidy, 22 Minn. 312, 21 Am. Rep. 765; 3 Dunnell, Minn. Dig. §§ 8906-8920, and cases cited. We are unable to see that the act under consideration contains anything which is not germane to the title. Within the constitutional sense it embraces but one subject.

2. The statute is a police regulation. Its purpose is to secure the health and comfort and well-being of the inmates of the hospital and to safeguard the interests of the public. That in doing so it somewhat restricts the activities of those conducting maternity hospitals, if the restriction be no greater than is reasonable, is not important. Others than the owners are interested. The legislature may require physicians to be licensed. State v. State M. E. Board, 32 Minn. 324, 20 N. W. 238, 50 Am. Rep. 575; State v. State Board of M. E. 34 Minn. 387, 26 N. W. 123. It may require the licensing of rendering plants. Hunstiger v. Kilian, 130 Minn. 474, 153 N. W. 869, 1095. Many callings having to do with public health or welfare may be regulated. 1 Dunnell, Minn. Dig. § 1603. That the legislature may require the licensing of maternity hospitals has been held. People v. Hagan, 52 App. Div. 387, 65 N. Y. Supp. 120, affirmed without an opinion in 165 N. Y. 607, 58 N. E. 1091; Adleman v. Board of Health, 84 Conn. 691, 81

Atl. 1055. Whether the licensing of maternity hospitals should be regulated, as it is by the statute drawn in question, was a matter of legislative discretion, and the statute invades no constitutional right of the defendant under article 1, § 7, of the Constitution, or other constitutional right.

We do not agree with counsel for the defendant that the statute grants to the board of control arbitrary power to withhold a license, regardless of conditions, and that it is therefore void within Noble v. Douglas, 274 Fed. 672, and other cases cited in his brief. The statute is paternalistic. So are other statutes enacted in the exercise of the police power. It contemplates an investigation and consideration of conditions and a supervision and regulation by the board, but an arbitrary refusal of a license is not intended.

The only questions decided are that the title of the act is sufficient within the constitutional requirement, and that in the exercise of the police power the legislature may require maternity hospitals to be licensed.

Order affirmed.