## STATE v. MARTHA McGRAW.[1]

May 1, 1925.

No. 24,596.

**Where procedure in criminal cases may be by information.**

　　1. The procedure, in all criminal cases, where the maximum punishment for the offense charged does not exceed imprisonment in the state prison for more than ten years, may be by information instead of indictment.

[1]Reported in 203 N. W. 771.

**Under act of 1905 such procedure not limited to cases where accused asks to plead guilty.**

2. The procedure by information, under chapter 65, L. 1913 (section 10,665, G. S. 1923), does not limit the jurisdiction to cases in which the accused asks to plead guilty, but extends to all criminal cases where the maximum punishment does not exceed ten years in the state prison.

**Admission of evidence of other crimes not error in this case.**

3. Under the circumstances of this case, there was no error in the reception of evidence of other crimes than the one for which the accused was being tried.

**Conviction sustained.**

4. Evidence considered and *held* to justify the verdict of the jury.

**Conduct of spectators at trial not prejudicial.**

5. Defendant's rights were not prejudiced by the conduct of the spectators attending the trial. Nor do we find any error in the charge to the jury.

1. See Indictment and Information, 31 C. J. p. 571, § 18.
2. See Indictment and Informations, 31 C. J. p. 571, § 18.
3. See Criminal Law, 16 C. J. pp. 603, 604, § 1170.
4. See Larceny, 36 C. J. p. 899, § 483.
5. See Criminal Law, 17 C. J. p. 303, § 3640; p. 339, § 3688.

Upon information of the county attorney of Wabasha county defendant and another were charged with the crime of grand larceny in the first degree, tried separately in the district court for that county before Callaghan, J., and a jury which found her guilty as charged in the information. Defendant appealed from the judgment. Affirmed.

*McMeekin, Quinn & Swan,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *John R. Foley,* County Attorney, for respondent.

QUINN, J.

On September 24, 1923, George H. Dickman & Company owned and had in their possession, in a store building at Plainview, Wabasha county, Minnesota, a general stock of gents' ready-made clothing. During the night following that day, the store was burglarized and several hundred suits of clothing, some sheepskin coats, and other articles, of the value of over $17,000, were stolen therefrom.

At the time mentioned, the defendant and her husband owned and had charge of six cottages out on the shores of White Bear lake, in Washington county, approximately 100 miles north and a little west of Plainview. The defendant lived in one of the cottages, 100 feet to the north of which was a white cottage, then unoccupied.

In an effort to round up the perpetrators of the burglary at Plainview, the officers of both Wabasha and Washington counties, on September 29, four days after the theft, went to the defendant's place of residence where they found her in possession. They were provided with search warrants. After reading the same to her, they searched the cottage in which she lived, and found therein a sheepskin coat, which was identified as taken from the Dickman store. The defendant was then placed under arrest. She denied to the officers that she owned the white cottage, but, later on, when the officers informed her that they wanted the key thereto, she found the same, among other keys which she had, and turned it over to the officers. Upon search, 121 suits of clothes, which were identified as coming from the Dickman store, were found in the cottage.

In explaining her possession of these articles, defendant told the officers that she received 31 suits for room rent; that two men had rented the white cottage, and brought the sheepskin coat to her, saying that if it fitted her husband she might give it to him; that she did not know who the men were, had never seen them before, and did not know where they were.

Upon further search of the cottage, other stolen articles were found therein, portions of which were identified at the time, and later at the trial, as having come from the following places:

A clothing store at Waterville had been burglarized on the night of March 31, 1923, over 300 suits of clothing taken therefrom, some 20 of which were among those found in defendant's cottages; on March 13, 1923, a store was burglarized at Jordan, about 160 suits of clothing taken therefrom, of which some 12 to 15 suits were found in defendant's cottages; at Farmington, on August 24, 1923, a garage was burglarized and certain auto accessories, tubes and casings taken therefrom, a portion of which were found by the officers in defendant's cottages; on August 10, 1923, a garage at Chisago was burglarized and a number of auto casings and tubes taken therefrom, a portion of which were found by the officers in the defendant's cottages. There had also been other burglaries during the summer of 1923 and a portion of the articles taken therefrom were found in the defendant's cottages by the officers. These burglaries all occurred in southern Minnesota, within a radius of about 100 miles of Plainview, during the summer season of 1923. Defendant had a Buick automobile at her cottages, but the tubes and casings referred to were not such as to fit it.

The defendant was bound over to the district court and subsequently the county attorney of Wabasha filed an information against her, under chapter 231, p. 341, L. 1905 (G. S. 1913, § 9159), charging her with the crime of grand larceny in the first degree. Under the provisions of the general statutes, that offense is punishable by imprisonment in the state prison for not more than 10 years. There was a trial in December, 1923, which resulted in a disagreement of the jury. In May, 1924, there was a second trial upon the same information and a verdict of guilty as charged was returned. This appeal followed. The defendant gives four reasons why a new trial should be granted, according to the assignments of error:

First, that she was charged and convicted without due process of law and in violation of the Constitution and statutes of the state; second, that the evidence was not sufficient to sustain a conviction; third, for errors of the court in ruling upon the admissibility of evidence, and in its charge to the jury; fourth, that the conduct of

the spectators at the trial was prejudicial to the rights of appellant and prevented her from having a fair trial.

Under the first assignment, appellant urges that a charge of grand larceny in the first degree, by information made and filed by the county attorney and a trial thereon, fails to constitute due process of law under the provisions of the statute and the Federal and state Constitutions. This contention is disposed of adversely to the claim of appellant in the case of State v. Keeney, 153 Minn. 153, 189 N. W. 1023.

In that case the statute, authorizing procedure by information, was fully considered and upheld. The punishment there under consideration did not include imprisonment in the state prison, but the reasoning there used is applicable to the present case. The statute, as originally enacted, was limited in its application to offenses punishable by confinement in the state prison for a term not to exceed five years. The amendment contemplated by chapter 398, p. 473, L. 1909, applies to offenses where the punishment does not exceed seven years, and the one contemplated by chapter 65, p. 55, L. 1913, applies to offenses where the punishment does not exceed ten years in the state prison. Appellant contends that the title to each of these acts fails to comply with the constitutional requirement that the subject of all legislative acts shall be expressed in the title. The constitutional provision manifestly has two objects—one is to prevent a fraud upon the public and the legislature by permitting the passage of acts, the nature of which their titles do not disclose; the other is to prevent the passage of unrelated measures by a combination of interests each particularly concerned with some one or more, and careless of the others. State v. Cassidy, 22 Minn. 312, 21 Am. Rep. 765; State v. Klein, 22 Minn. 328, 335; State v. Catieny, 34 Minn. 1, 7, 24 N. W. 458; Allen v. Pioneer Press Co. 40 Minn. 117, 121, 41 N. W. 936, 3 L. R. A. 532, 12 Am. St. 707; State v. Madson, 43 Minn. 438, 45 N. W. 856; Boyle v. Vanderhoof, 45 Minn. 31, 47 N. W. 396; State v. Porter, 53 Minn. 279, 285, 55 N. W. 134; State v. Phillips, 73 Minn. 77, 75 N. W. 1029; Lien v. Board, 80 Minn. 58, 82 N. W. 1094; Murray v. Board, 81 Minn. 359, 84 N. W. 103, 51 L. R. A. 828, 83 Am. St. 379; State v. Women's and Children's Hospital Assn. 150 Minn. 247, 184 N. W. 1022.

It is not necessary that the title be an index to the act. It is sufficient if the act embraces some one general subject, and the matters treated be so connected, each with the other, as to be germane to one general subject. Johnson v. Harrison, 47 Minn. 575, 50 N. W. 923, 28 Am. St. 382; State v. Sharp, 121 Minn. 381, 141 N. W. 526; State v. Peoples Ice Co. 124 Minn. 307, 144 N. W. 962. In the case of State v. Erickson, 125 Minn. 238, 146 N. W. 364, it was held that the title of an amendatory act which refers alone, by chapter and section, to the act to be amended, is sufficient, and each of the titles in the amendatory acts of 1909 and 1913 specifically names section 4 of chapter 231 of the Laws of 1905 as the law to be amended.

We hold that the procedure in all criminal cases in which the punishment for the offense, as prescribed by law, does not exceed imprisonment in the state prison for more than ten years may be by information. As stated in the Keeney case, the act of 1905, instead of indicating an intention to limit the procedure to cases in which the accused makes application to plead guilty, it shows clearly that no such limitation was ever intended.

The second assignment of error is clearly without merit, as the evidence is ample to justify the verdict. The most serious question arises over the reception of evidence of the several burglaries referred to. It is apparent that the stolen articles taken from the surrounding stores and garages were obtained in much the same manner. There were good roads leading from the various localities directly toward the locality of defendant's home. Only three or four hours, in these days of speed, would be required to transport such goods from the most remote of these places to the defendant's home, where it is perfectly apparent a fence, or place where stolen goods were received, was being maintained. Within four days from the time of the larceny from the Dickman store, more than 150 of the suits were found in the defendant's cottages. Her unsatisfactory explanation of their presence and especially of the articles found in the cottage where she resided, her inconsistent statements with reference to the whole affair, were proper to be considered, in characterizing her possession of the goods taken from the Dickman place.

We see no reason why, if the different classes of goods found in defendant's possession were made up of stolen articles obtained from the burglaries mentioned the facts might not be shown, not for the purpose of establishing the other crimes, but as bearing upon the defendant's possession of the stolen articles mentioned in the information. State v. Monroe, 142 Minn. 394, 172 N. W. 313.

We find no prejudicial error against the defendant occasioned by the alleged misconduct of the spectators attending the trial, nor from the charge of the court.

Affirmed.