## VILLAGE OF GOLDEN VALLEY v. MINNEAPOLIS, NORTHFIELD & SOUTHERN RAILWAY.[1]

February 25, 1927.

No. 26,008.

**When village ordinance may be declared void.**

1. A village ordinance may be declared void when, from its inherent character or from competent proof, its operation appears to be unreasonable, unless the contrary appears from the text or is established by proper evidence.

**Village ordinance void because unreasonable.**

2. An ordinance of the village of Golden Valley, designed to prohibit the erection of any structure at any place within the village, unless licensed, without reference to its proximity to other structures, *held* to be unreasonable and void.

**Ordinance to secure public safety.**

3. An ordinance which purports to legislate for public safety must tend in some appreciable way to that end; otherwise it is unenforceable.

Municipal Corporations, 28 Cyc. p. 383 n. 49, 50; p. 705 n. 39; p. 766 n. 34 New.

See 19 R. C. L. 1291; 3 R. C. L. Supp. 975; 4 R. C. L. Supp. 1291; 5 R. C. L. Supp. 1047; 6 R. C. L. Supp. 1141.

[1]Reported in 212 N. W. 585.

Defendant appealed from an order of the district court for Hennepin county, Waite, J., granting a temporary injunction.   Reversed.

*Grant L. Martin* and *Lancaster, Simpson, Junell & Dorsey,* for appellant.

*F. T. Persinger* and *C. A. Pidgeon,* for respondent.

QUINN, J.

This is an appeal from an order continuing in full force and effect an order, formerly issued, restraining appellant from erecting an automobile sheltering house upon lots 155 and 156, facing west on Virginia avenue in the village of Golden Valley, Hennepin county.

The village was organized under L. 1885, p. 148, c. 145.  It contains 10½ sections of land and has a population of about 2,500. Appellant is a corporation operating a railroad which passes through the village.  Its railroad shops are on lots opposite the proposed site, facing east on Virginia avenue.  There are two dwellings within 100 feet of the proposed site, a few within 200 feet and about 75 some six blocks distant therefrom.  The character of the proposed structure is sufficiently indicated in the application for a building permit, made to the village council by appellant, which is as follows:

"The Minneapolis, Northfield and Southern Railway hereby makes application for a building permit to construct an automobile shelter on Lots 155 and 156, Glenwood.

"This automobile shelter house will be constructed substantially on the ground as shown on the sketch enclosed you herewith.  The shelter will be constructed with 56 ft. frontage on Virginia Avenue, with a 125 ft. depth, with 8 ft. corner posts, frame construction on concrete foundation, and will have corrugated iron sides and composition roof.  The floor will be of tamped cinders.

"The building permit fee of .25¢ is also enclosed herewith."

The application for the permit is dated October 13 and it was denied by the council on October 19, 1926.  On October 18 appellant began the construction of the building and on November 8, at the time the restraining order herein was served, the construction had

progressed so that a portion of the corrugated iron was attached to the studding.

In September, 1924, the village passed an ordinance, which was approved on October 7, as follows:

"An Ordinance Concerning the Issuance of Building Permits.

"Section 1. No persons shall erect any building or structure without first having obtained a permit for the same in a manner herein provided and all permits issued under the provisions of this ordinance shall contain a description of the building and the location of the lot or property.

"Section 2. That all requests for permits under this ordinance shall have one reading before the Council previous to action being taken thereon.

"Section 3. That cost of any one building permit shall not exceed $.25.

"Section 4. Any person violating any of the above provisions of this ordinance shall, upon conviction thereof before the Village Magistrate or Justice of the Peace be fined not to exceed $100.00 or be imprisoned until such fine is paid, not exceeding ninety (90) days.

"Section 5. This ordinance shall take effect and be in force from and after its publication."

It is contended that this ordinance is unreasonable and void. It is the rule that an ordinance may be declared void when, from its inherent character or from competent proof, its operation is shown to be unreasonable, unless the contrary appears from the text thereof or is established by proper evidence. Village of Minneota v. Martin, 124 Minn. 498, 145 N. W. 383, 51 L. R. A. (N. S.) 40, Ann. Cas. 1915B, 812, and cases cited. The question whether the power to forbid the erection of a building of a particular kind or for a particular use is to be determined by considering it in connection with the circumstances and the locality. Village of Euclid v. Ambler Realty Co. 272 U. S. 365, 47 Sup. Ct. 114, 71 L. ed. 171-175.

This ordinance is designed to prohibit the erection of any structure at any place within the village, unless licensed. If the ordinance is valid, a farmer may not erect a dwelling, barn, granary, machine

shed or other structure upon his farm within the village, though it may be miles from the more thickly inhabited portion thereof, without consulting the governing authority of the municipality and procuring a license so to do.  It requires little or no discussion of the proposition to show the unreasonableness of such an enactment. No fire zone has been established.  The provisions of the ordinance in no way relate to the prevention of crime or immorality, nor to trade and commerce, nor to the protection of property.  It has only to do with the building of the structure and not the use to which the same is put.

The building under consideration, as shown by the evidence, is intended as a storeroom and for the purpose of allowing appellant's employes coming to work at the shops in motor vehicles to place the same therein during the hours of labor.  It is not intended to be used as a garage or a place in which to store combustible materials, such as oil and gases.

It is certain that under the police power municipalities may make and enforce such reasonable restrictions and prohibitions upon the right to use private property as are necessary to guard public health, morals and safety and to conserve public peace, order and the general welfare.  But an ordinance which purports to legislate for public safety must tend in some appreciable way to that end.  It must be based upon some necessity justifying the exercise of such power.  People ex rel. Wineburgh Adv. Co. v. Murphy, 195 N. Y. 126, 88 N. E. 17, 21 L. R. A. (N. S.) 735.  So far as the ordinance under consideration relates to the erection of' buildings, it is as restrictive in remote parts of the village as in the more thickly inhabited parts thereof, and to a structure erected a long distance from a street or public place as one erected in the most thickly built up portion of the village.  Such an ordinance would bear evidence in itself that it was not enacted for any purpose within the police power, that is, to guard public health, morals and safety, and to conserve public peace, order and the general welfare.  All statutory restrictions of the use of property are imposed upon the theory that they are necessary for the public welfare, Bryan v. City of Chester,

212 Pa. St. 259, 61 Atl. 894, 108 Am. St. 870, but a restriction without reason or necessity cannot be enforced. An ordinance restricting the erection of certain structures, without regard to whether such structures may be dangerous to public safety and the general welfare, is invalid. "The recognition of a power so wide would bestow upon the lawmaker the right to invest cities with authority to control the size and style of buildings which should be erected upon private property where the public safety was in nowise involved." Bill Posting Sign Co. v. Atlantic City, 71 N. J. L. 72, 58 Atl. 342. It follows that the order continuing in force the restraining order should not stand.

Reversed.