## E. F. CLAESGENS v. ANIMAL RESCUE LEAGUE OF HENNEPIN COUNTY, INC.[1]

December 2, 1927.

No. 26,216.

**Inspection of the premises by trial judge for better understanding of testimony was not error.**

1. In a case tried by the court without a jury, it is not error for the trial judge to visit the involved premises in order that the testimony may be better understood.

**Village ordinance invalid on its face because unreasonable.**

2. A village ordinance prohibited the maintenance of any pound or other inclosure for the boarding of or caring for dogs for hire or wherein dogs were kept for sale. The prohibition is absolute and without reference to any of the conditions which alone can make the thing prohibited a nuisance in fact. The ordinance *held* invalid because arbitrary and unreasonable.

Municipal Corporations, 43 C. J. p. 227 n. 50; p. 229 n. 70; p. 252 n. 13; p. 315 n. 61, 63; p. 319 n. 44, 52.
Trial, 38 Cyc. p. 1933 n. 45.

Plaintiff appealed from an order of the district court for Hennepin county, Bardwell, J. denying his motion for a new trial. Affirmed.

*F. T. Persinger* and *C. A. Pidgeon,* for appellant.
*Kelly, Bauers & Carlson* and *L. K. Eaton,* for respondent.

[1]Reported in 216 N. W. 535.

STONE, J.

Action for the abatement of an alleged nuisance. Plaintiff appeals from an order denying his motion for amended findings or a new trial.

Plaintiff is the owner of a lot "approximately one block from the dog pound and dog kennel" owned and operated by defendant in the village of Golden Valley, a suburb of Minneapolis. Defendant is a corporation organized and maintained, as its name indicates, for the prevention of cruelty to animals, and to that end it has established a kennel and its appurtenances in the village of Golden Valley for the purpose of caring for what were characterized below as "down and out animals, including dogs, cats and other domestic animals" which may need its care. That it is "an institution of long and well recognized standing" in Hennepin county, contributed to and supported in part by the funds of both public and private charity, does not help it if in fact it is maintaining a nuisance.

Plaintiff complains because of the barking of the dogs, particularly in the nighttime, and an alleged unsanitary condition of the kennel. The evidence we do not discuss, for it raises a distinct issue of fact, and the finding thereon, adverse to plaintiff, has such support in the evidence that we cannot reverse. Sufficient merit was found in plaintiff's case so that he was granted relief to the extent that defendant is required to take certain specified measures calculated to abate somewhat the barking of the dogs during the nighttime. Certain other measures adopted by defendant voluntarily are expected to remove or prevent other objectionable features. It might have been well for the district court to have reserved jurisdiction of the case so that if the anticipated improvement is not realized the case could be reopened for such further trial and remedy as circumstances may require. At present the order for judgment is not so conditioned, and this opinion is without prejudice to the right of appellant to move for a modification in that respect.

1. Error is assigned because the learned trial judge, after the evidence was all in, viewed the premises. Counsel for plaintiff

stated of record that they had no objection to that procedure but declined to participate. In a memorandum accompanying his decision, the judge refers to his visit as having been "with the view of ascertaining the cause of the barking, and in an endeavor to ascertain whether or not the claim of plaintiff that the kennel was unsanitary and emitted unpleasant and obnoxious odors and gases, was true." Such a visit of course would have been error if it had been for the purpose of getting evidence in the absence of the parties independent of or in addition to that taken in the course of the trial. But notwithstanding the language of the memorandum just quoted, we are clear that, as appears in another place in the record, the visit was solely "in order that the testimony could be better understood." An inspection of the premises for that purpose by the trial judge was not error.

2. The kennel of defendant is maintained in violation of an ordinance of the village of Golden Valley prohibiting the maintenance within its limits (except by a regularly appointed poundmaster) of "any pound or other enclosure for the boarding or care of dogs for hire, or wherein dogs are kept for sale." It makes a nuisance the "keeping or impounding of any dog, horse or other animal within the limits of said village" in violation of the ordinance. Such violations are subject to the penalty of a fine not exceeding $50, or in default thereof, imprisonment not exceeding 40 days. G. S. 1923, § 9580, defines as a nuisance, subject to abatement by action, "anything which is injurious to health, or indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property."

If the ordinance is valid, it determines the case favorably to plaintiff. The issue of law as to its validity was not passed upon or even touched by the decision under review. We would like it better had the question been passed upon first in the trial court. However, it has reached us, and we are of the opinion that the ordinance is invalid on its face. The authority for its enactment by the village council exists, if at all, in G. S. 1923, § 1186, subd. 17,

whereby councils of villages subject to the statute are given the power "to define nuisances, and prevent or abate the same." There is a question whether, in the exercise of that power, a village council may make a nuisance of anything that is not one under the legislative definition above quoted. But that aside, the power cannot be exercised arbitrarily or without reference to conditions which may render innocuous the thing which is attempted by ordinance to be made a nuisance. Dogs and their keeping are of course subject to reasonable regulation. But an ordinance absolutely prohibiting the keeping or impounding of them without reference to conditions, in the absence of which the keeping or impounding cannot be a nuisance in fact, would be void because plainly arbitrary and unreasonable. The ordinance now involved is of that kind. It is despotic prohibition rather than reasonable regulation. It has no reference to the comfort or convenience of those who may be disturbed. It is not limited to cases where inconvenience, discomfort, annoyance or interference with the use of property are present. It applies as well to a pound or kennel situated so far from human habitations that no discomfort or even annoyance could arise. For that reason it must be declared invalid upon the authority of Village of Golden Valley v. M. N. & S. Ry. 170 Minn. 356, 212 N. W. 585, and kindred cases.

Order affirmed, without prejudice to any motion that may be made for a modification of the order for judgment in the manner first above suggested.