KENT COUNTY, *ex rel.* BOARD OF SUPERVISORS OF KENT COUNTY, *v.* REED.

1. STATUTES—BODY OF ACT DETERMINES WHETHER MORE THAN ONE OBJECT EMBRACED.
    While the object of an act must be expressed in the title, it is to the body of the act that the court must look to determine whether it embraces more than one object.

2. SAME—OBJECT OF LAW IS AIM OR PURPOSE OF THE ENACTMENT.
    The object of a law is the aim or purpose of the enactment, and it may authorize the doing of all things which may fairly be regarded as in furtherance of the general object of the enactment.

3. SAME — CONSTITUTIONAL LAW—ACT EMBRACING TWO OBJECTS UNCONSTITUTIONAL.
    Act No. 333, Pub. Acts 1919, is unconstitutional in that in section one it expressly limits its application to counties in the State other than the county of Kent, and in section two it repeals Act No. 379, Local Acts 1891, which applies to the county of Kent alone, thus having two distinct and unrelated objects, in violation of article 5, § 21, of the

Constitution, which provides that no law shall embrace more than one object.

Certiorari to Kent; Carr (Leland W.), J., presiding. Submitted April 24, 1928.     (Calendar No. 33,680.) Decided June 4, 1928.

Mandamus by the county of Kent, on the relation of the board of supervisors of Kent county, to compel George M. Reed, register of deeds of Kent county, to pay fees to the county treasurer.     From an order denying the writ, plaintiff brings certiorari.     Reversed, and writ granted.

*Ward & Strawhecker,* for plaintiff.

*Rodgers & Dunn,* for defendant.

SHARPE, J.     Act No. 379, Local Acts 1891, is entitled:

"An act to provide for the compensation and to prescribe the duties of certain officers of the county of Kent."

In it the salary of the register of deeds is fixed at $2,500 per annum.     He had theretofore been entitled to the fees fixed by statute.     Act No. 333, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 2514 [1, 2]), reads as follows:

"An act to provide for the fixing of the salaries of all county officials, their assistants, deputies and clerks by the board of supervisors in those counties where said county officials, their assistants, deputies and clerks are paid salaries for their services, and to repeal act three hundred seventy-nine of the Local Acts of eighteen hundred ninety-one, as amended.

"*The People of the State of Michigan enact:*

"SECTION 1.     In all counties of the State of Michigan where county officials and their assistants, deputies and clerks are paid salaries fixed by the board of supervisors for their services the board of supervisors of said counties shall have the right and power, and it is

hereby declared to be their duty, to fix the salaries of all said county officials and their assistants, deputies and clerks at such sums as they deem necessary and adequate, except where such salaries are fixed by general law in accordance with the population of the county.

"SEC. 2.    All general and local acts inconsistent with the provisions of this act and act three hundred seventy-nine of the Local Acts of eighteen hundred ninety-one, as amended, are hereby repealed."

This act in express terms repeals the local act.    Its constitutionality is here attacked.    It is urged that it violates section 21 of article 5 of the State Constitution, which provides that—

"No law shall embrace more than one object, which shall be expressed in its title."    *    *    *

While the object must be expressed in the title, it is to the body of the law that we must look to determine whether it embraces more than one object.    The first section imposes upon the boards of supervisors in all counties where county officials are paid salaries fixed by such boards (with an exception not here material) the duty to fix such salaries.    It is conceded that this section in no way applies to the county of Kent because the salaries of its officials are not fixed by its board of supervisors, but are fixed by the local act of 1891.    This object is definitely stated in this section, and none other not germane to it may be included in the law as, under the constitutional provision, it (the law itself) may not embrace more than one object.

Section 2 expressly repeals the local act of 1891, which affects the county of Kent alone.    Can it be said that this repeal is so connected with the object as disclosed by the provision in section one that it may be held to be germane to it?    We think not.    The provisions in these two sections might have been enacted in separate laws without either of them in any way referring to or affecting the other.    The repeal of the

local act was unnecessary to give legal effect to section one.    The two objects sought to be attained by the enactment have no necessary connection with each other, and, when grouped together in one act, clearly offend the constitutional provision.

The question presented is not one involving the power of the legislature to enact a law, but the manner in which that power has been exercised.    The object of a law is the aim or purpose of the enactment.    It may authorize the doing of all things which may fairly be regarded as in furtherance of the general object of the enactment.

"All the means and ends necessary to the accomplishment of the general object would not be objectionable.".    *City of Grand Rapids* v. *Judge of Superior Court,* 93 Mich. 469, 472.

Counsel for the defendant urge that the general object was the fixing of the compensation of county officials.    The title so indicates.    But, as before stated, it is to the law itself, as contained in the enacting provisions, that we must look to determine the object. The constitutional prohibition is not directed against the title.    It does not provide that the title must embrace but one object.    Had the legislature followed the expression of purpose contained in the title, a valid law might have been enacted; one which would have applied to all the counties in the State, with the exception stated.    But in the first section of the law itself it expressly limits its application to counties in the State other than the county of Kent.    The provision in the second section for the repeal of the local act, which applies to the county of Kent alone, is in no way germane to that in the first section, which is applicable to all the counties except the county of Kent.

In its consideration we think counsel have confused the constitutional requirement that a law may embrace but one object with that providing that the object

shall be expressed in the title.    As before stated, had the legislature enacted such a law as was indicated in the title, it would have been valid.    But it did not. It enacted a law which did not apply to the county of Kent, and then, by repeal of the local act, attempted to include in it a provision applying to the county of Kent alone.

It is clear that two distinct and unrelated objects are embraced in the one act, and that it offends against the constitutional provision.    It is but fair to say that the opinion of the attorney general furnished to the prosecuting attorney on request therefor related only to the power of the legislature to repeal a local act by a general act.

The order entered is vacated and set aside.    One will be entered here granting the writ of mandamus as prayed for in the petition.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.    POTTER, J., did not sit.