# STATE v. WONG HING.[1]

January 4, 1929.

No. 26,932.

*Ell M. Roston,* for appellant.

*Neil M. Cronin,* City Attorney, and *Arthur P. Jensen,* Assistant City Attorney, for the state.

[1]Reported in 222 N. W. 639.

OLSEN, C.

Defendant was convicted in the municipal court of the city of Minneapolis of a violation of a provision of an ordinance governing the erection and maintenance of signs attached to buildings and projecting over streets or sidewalks. He appeals from an order denying his motion for a new trial.

The ordinance is the general building ordinance of the city of Minneapolis. It contains many separate sections and provisions. The title of the ordinance is: "An ordinance to regulate the construction, alteration, maintenance, repair and removal of buildings within the city of Minneapolis." The part of the ordinance here in question is § 252(e), which provides that:

"No sign, projecting over public property, shall be so hung that the lowest point thereof will be less than ten (10) feet above the level of the sidewalk, except such signs as do not exceed four (4) square feet in area and do not project over public property more than eighteen (18) inches, which signs shall be hung not less, at any point, than seven and one-half (7½) feet above the level of the sidewalk, and excepting, also, signs projecting over public driveways, which shall not be hung less than fourteen (14) feet above the level of any such driveway."

Defendant occupied a business building fronting upon one of the principal streets of the city. He caused to be constructed and thereafter maintained an electric sign attached to the front of the building, which sign projected over the sidewalk in front of the building some eight or ten feet, was about eight feet wide, and the lower edge whereof was about eight feet and eight inches above the sidewalk. The original sign was hung at a distance of more than ten feet above the sidewalk, but later an addition or extension thereof was made, which, as stated, comes down to eight feet and eight inches above the walk. It is this addition that is complained of. Defendant was notified to remove it and refused to do so. There is no dispute in the evidence as to these facts.

■ It is claimed that the complaint herein fails to state a public offense and that therefore the court erred in overruling defendant's

objection to the introduction of any evidence. The complaint states the facts showing violation of the ordinance, and if the ordinance is valid the complaint is clearly sufficient.

■ Defendant challenges the constitutionality and validity of the section of the ordinance here in question. It is urged that the title of the ordinance is insufficient to cover the matter of electric signs. The title is necessarily general in terms. Signs attached to the roof or walls of a building may fairly be held to be a part of the building. A law is not invalid as embracing more than one subject because it embraces separate provisions relating to different items or particulars of the one general subject, and the title is sufficient if it expresses the general subject of the law without going into details. Gillitt v. McCarthy, 34 Minn. 318, 25 N. W. 637; Johnson v. Harrison, 47 Minn. 575, 50 N. W. 923, 28 A. S. R. 382; State v. Bridgeman & Russell Co. 117 Minn. 186, 134 N. W. 496, Ann. Cas. 1913D, 41; State v. People's Ice Co. 124 Minn. 307, 144 N. W. 962; State v. McGraw, 163 Minn. 154, 203 N. W. 771; State v. Helmer, 169 Minn. 221, 211 N. W. 3; Kerst v. Nelson, 171 Minn. 191, 213 N. W. 904, 54 A. L. R. 495.

■ The section of the ordinance is stated to be invalid because no penalty for a violation thereof is contained in that section. The ordinance, as already noted, consists of many sections and covers numerous details of building construction, equipment and maintenance. The penalty clause is a separate section, covering the violation of any provision of the ordinance, unless therein otherwise provided. This is similar to the penalty section found in numerous legislative acts and municipal ordinances. It needs no further discussion.

■ Defendant contends that the section is unreasonable because it does not confine the prohibited acts to any particular locality, or to buildings in any particular part of the city, or to buildings used for any particular purpose; and that the ordinance is invalid under the rules laid down in Evison v. C. St. P. M. & O. Ry. Co. 45 Minn. 370, 48 N. W. 6, 11 L. R. A. 434; State v. Wittles, 118 Minn. 364, 136 N. W. 883, 41 L.R.A.(N.S.) 456, Ann. Cas. 1913E, 433; Village

of Golden Valley v. M. N. & S. Ry. 170 Minn. 356, 212 N. W. 585; Young v. Mall Inv. Co. 172 Minn. 428, 215 N. W. 840, 55 A. L. R. 461; Claesgens v. Animal Rescue League, 173 Minn. 61, 216 N. W. 535. This contention fails to give proper force to the purpose of the section in question and to the provision thereof that it applies only to signs projecting over public property, that is, over sidewalks and public ways. One purpose of the section is to safeguard public travel on streets and sidewalks. It is a police regulation for that purpose. Its operation is localized by confining it to public property where there are sidewalks or public ways over which the sign extends. So far as this section of the ordinance is concerned, it has no application to signs erected wholly on private property, but only to such as project into or over public ways. That is a sufficient limitation. It cannot be held unreasonable to require such signs to be not less than ten feet above the level of the sidewalk. Nor is the section unreasonable or invalid because it may apply to signs located in residential or outlying districts of the city. A sign projecting over a sidewalk or public way in an outlying district carries with it the same hazard and inconvenience to travel as if in a congested business section, although, because travel may there be much less, the chances of mishaps are less frequent.

It is claimed that, because other sections of the ordinance provide for licensing sign-hangers and that no one except a licensed sign-hanger shall install any sign of the kind here in question, and that before installing same he shall obtain a permit therefor, this makes such sign-hanger the only person subject to punishment in case of violation of § 252(e). While this might relieve the owner or occupant from liability for failure to obtain a permit, it is quite apparent that the sign-hanger could not erect or maintain the sign without being employed so to do by the owner or occupant, and the evidence here is that he was so employed by defendant. The provisions of G. S. 1923, § 9917, may be referred to.

Defendant calls attention to § 253 of the ordinance, regulating fixed awnings or canopies. That section provides that such awnings can only be constructed after securing permission therefor from

the city council. Specific rules are prescribed as to material to be used, manner of construction, and weight-carrying capacity. Such awnings, when so constructed, may come to within eight feet and six inches above the sidewalk. This is claimed to make the ten-foot height limitation as to signs arbitrary, unreasonable and discriminatory or class legislation. We are not prepared to say that the city council might not reasonably conclude that these more substantial attachments to buildings could safely extend 18 inches lower than a sign, and find that there was a sufficient distinction between them and the signs provided for in § 252(e) to justify classification. Defendant had the burden of showing that the classification does not rest upon any reasonable basis but is essentially arbitrary. Lindsley v. Natural Carbonic Gas Co. 220 U. S. 61, 31 S. Ct. 337, 55 L. ed. 369, Ann. Cas. 1912C, 160. The lawmakers (in this case the city council) have considerable discretion in the matter of classification, and the courts will not hold an ordinance or a law invalid on that ground unless the classification is manifestly arbitrary. State v. Bridgeman & Russell Co. 117 Minn. 186, 134 N. W. 496, Ann. Cas. 1913D, 41.

Attention is called to § 243 of the ordinance, requiring a permit from the inspector of buildings before installing any sign "upon, or attached to, or supported by, any building, on the exterior thereof, * * * except as herein provided." This section has no reference to signs projecting over sidewalks or public ways, which are provided for in § 252(e). The words "except as herein provided" may reasonably be construed to mean such signs as are provided for and governed by other sections of the ordinance and are thereby excepted from the operation of § 243. The validity of § 243 is not here in question.

The fact that one or more separate provisions of the building ordinance have been held invalid does not invalidate § 252(e). Upon the showing made, we are not required to hold it invalid or unconstitutional.

Order affirmed.