## IN RE DETACHMENT OF AGRICULTURAL LANDS FROM THE CITY OF OWATONNA.
## LOUIS J. WESELY AND CLINTON FALLS NURSERY COMPANY, RESPONDENTS.[1]

February 17, 1933.

Nos. 29,135, 29,136.

*Leach & Leach,* for appellant city of Owatonna.
*Nelson & Nelson,* for appellant Owatonna Special School District.
*Sawyer & Lord,* for respondent Louis J. Wesely.
*Victor E. Anderson,* for respondents Clinton Falls Nursery Company and others.

[1] Reported in 246 N. W. 905.

LORING, Justice.

This case was here upon a former appeal, where the constitutionality of 1 Mason, 1927, § 1726-6, et seq. which was L. 1927, p. 193, c. 122, was sustained as against the objection that it did not require notice to the landowners who did not join in the petition for detachment, and also against the objection that it did not provide for due process of law and was class or special legislation. In re Detachment of Unplatted Lands from City of Owatonna, 183 Minn. 164, 236 N. W. 195. For the facts in connection with these petitions for detachment see our opinion in that case.

The appellants now claim that the same law is unconstitutional under art. 4, § 27, of our state constitution, which provides:

"No law shall embrace more than one subject, which shall be expressed in its title."

The act in question was entitled:

"An act relating to separation of unplatted agricultural or horticultural lands included in the corporate limits of cities containing 10,000 inhabitants or less and from school districts contained in such cities and attaching the same to adjoining towns or townships and school district or school districts in the same county and defining the duties of county commissioners in such cases and repealing Section 1722, General Statutes 1923."

There are six sections in this statute. Section 3A provides:

"This act shall not apply to any city which at the time of the commencement of proceedings in court for the detachment of any territory therefrom has within its corporate limits less than 3,000 acres of land used exclusively for agricultural or horticultural purposes, nor to any city in which the territorial limits thereof are not identical with the limits of the school district situated therein."

It is claimed by the appellants that § 3A limits the application of the act to three cities in the state, namely, Owatonna, Hastings, and Little Falls. It is asserted that 77 cities in the state are cities of the fourth class. Fifteen of such cities have boundaries co-

terminus with the school district in which they lie. Only three of those cities have as much as 3,000 acres of land used exclusively for agricultural or horticultural purposes, and these are the cities before mentioned. It is further claimed that § 1722 relates to an entirely different subject than that to which the remainder of the act applies, and that its repeal constitutes duplicity in the title and in the act itself. Section 1722 relates to the apportionment of existing indebtedness in case of detachment of agricultural lands from cities of the fourth class under § 1720 and following sections, which were L. 1907, p. 294, c. 221, and which it is claimed do not relate to any city of the fourth class which has boundaries coterminus with a school district situate therein. That is, it is claimed that § 1722 would not apply to any cities which L. 1927, p. 193, c. 122, relates to, and consequently it applies to an entirely different subject matter than that to which the remainder of the law applies.

In the case of Winget v. Holm, 187 Minn. 78, 244 N. W. 331, 333, this court had occasion to pass upon the submission of the income tax amendment to the voters of this state. That amendment provided not only for an income tax but for authority to the legislature to enact any law required to make the taxation of national banking associations conform to the laws of the United States. It was contended that this offended the constitutional provision which is contained in art. 14, § 1, and provides:

"If two or more alterations or amendments shall be submitted at the same time it shall be so regulated that the voters shall vote for or against each separately."

While the language of that constitutional provision is not the same as the one here invoked, the question there presented was quite similar to the one now before us. This court there quoted the supreme court of Wisconsin in State ex rel. Hudd v. Timme, 54 Wis. 318, 336, 11 N. W. 785, where it said:

"In order to constitute more than one amendment, the propositions submitted must relate to more than one subject, and have at

least two distinct and separate purposes not dependent upon or connected with each other."

In reality, then, the question before this court at that time was whether an amendment which included both the authority to tax national banking associations and to impose an income tax related to unconnected subjects. We there said [187 Minn. 86]:

"It is not enough that a proposed amendment contain several propositions which could have been submitted in separate amendments. But the changes proposed must be independent and unrelated so as not to fit in with the one general aim or purpose of the amendment framed."

And it was there held that there is nothing incongruous in connecting authority to tax incomes with authority to tax national banks in conformity with the federal law.

From the standpoint of logrolling there is the same objection to amendments to the constitution which contain more than one alteration that there is to an act of the legislature which relates to more than one subject. We therefore are of the opinion that both parts of the law here objected to related to the one general subject of the detachment of land from the cities of the fourth class, and consequently that the act is not vulnerable to the objections made by the appellants. We could not hold otherwise and be consistent with our holding in the case of Winget v. Holm, 187 Minn. 78, 244 N. W. 331. The appellants contend with much earnestness that the supreme court of Michigan has held otherwise in the case of Kent County v. Reed, 243 Mich. 120, 219 N. W. 656. It may be that the distinction between the wording of the Michigan constitution and our own is not of much moment. Their constitution uses the word "object" instead of "subject." We do not think that consistently with our previous decisions we can follow the reasoning of the Michigan court. We think that to constitute duplicity of subjects an act must embrace two or more dissimilar and discordant subjects that by no intendment can be considered as having any legitimate connection with or relation to each other. 6 Dunnell, Minn. Dig.

(2 ed. & Supp.) § 8910. See also Johnson v. Harrison, 47 Minn. 575, 50 N. W. 923, 28 A. S. R. 382; State v. Wong Hing, 176 Minn. 151, 222 N. W. 639; Lyman v. Chase, 178 Minn. 244, 251, 226 N. W. 633, 842; State v. Helmer, 169 Minn. 221, 211 N. W. 3. We regard the act now before us as relating to the one subject of detachment of lands from cities of the fourth class. That all of its provisions are not applicable to the same cities is not sufficient to establish duplicity. The question whether the act in question violates art. 5 and art. 14 of the amendments to the United States constitution was before this court on the former appeal. The appellants ask us to reconsider this question on the authority of the Nebraska supreme court in case of Ruwe v. School District No. 85, 120 Neb. 668, 234 N. W. 789. We prefer not to reopen this question. It is entirely and fully considered on the previous appeal.

The judgments appealed from are affirmed.